DAVID WOOD, BY HIS NEXT FRIEND, PERCIVAL D. WOOD, AND PERCIVAL D. WOOD, INDIVIDUALLY, PLAIN-TIFFS, v. MORRIS & COMPANY, A CORPORATION, DE-FENDANT.

Submitted June 5, 1924—Decided October 7, 1924—Filed October 24, 1924.

**Negligence—Motorcycle Collision With Motor Truck—Court Asked to Decide Question of Fact, Which Must be Done by Jury—Jury Might Have Found, Had They Thought Proper, Contributory Negligence—Amount of Award Considered and Not Found Excessive.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Abraham I. Fellman.*

For the defendant, *Jacob Schneider.*

PER CURIAM.

The plaintiff, a youth of seventeen or eighteen years of age, while riding his motorcycle at the intersection of Six-teenth avenue and Summer street, in the city of Paterson, came into collision with a motor truck belonging to the de-fendants and operated by their employe, and sustained very serious injuries consisting, in part, of a fractured pelvic and a ruptured bladder, the latter resulting in the abnormal dis-charge of urine over which he has no control, and the condi-tion generally being such as to be incapable of cure except by a major operation. He brought his suit for damages, his father acting as next friend, and also suing in his own right for compensation for the loss of services, care, medicine, &c. The jury found a verdict of $9,000 in favor of the young man, which does not seem to be challenged as to its amount,

and they found a verdict of $7,000 in favor of the father which is now claimed to be excessive. The present rule embraces both claims, and certain exceptions have been reserved as grounds of appeal. Not all the reasons under the present rule are argued.

The testimony showed strongly contrasting features as to the circumstances of the accident, but, for the purposes of this rule, the defendant appears to accept the version of the plaintiffs as settled by the verdict, and claims that even on that version, the court should have nonsuited or directed a verdict because of contributory negligence. According to the case as made out for the plaintiff, he was proceeding slowly in a northerly direction on Summer street intending to turn east into Sixteenth avenue; his view to the east on Sixteenth avenue was cut off by a building until he cleared that building. He was also watching to the northward and westward. Suddenly he saw the defendant's truck headed west on Sixteenth avenue and turning to the southward on Summer street cutting the corner to its left into Summer street so close to the southeast curb that plaintiff could not possibly pass it, but apparently attempted to head off the truck and in so doing the plaintiff swerved sharpely to the left, or northwest, and was caught by the truck before he had succeeded in crossing its bow, in nautical parlance. The above are the salient facts in the case, and, accepting them, we are asked to say that the court ought to have held as a court question that the plaintiff should have seen the truck sooner or should have kept to the right or should have done something different from what he did. It has been many times held, both in this court and in the Court of Errors and Appeals, that ordinarily the court cannot decide these questions arising out of vehicular accidents in a public highway, and if the court should not decide them, it necessarily means that the jury must. No doubt the jury could have found, if they had thought proper, that the plaintiff was guilty of contributory negligence. In such a case as *Faggioni* v. *Weiss*, 122 *Atl. Rep.* 840, they seem to have held the defendant negligent for turning to the left at a critical juncture; but every case must

rest on its own circumstances. If the plaintiff had been of age and was fully chargeable with the rule of contributory negligence, we doubt very much whether the court should have taken the question from the jury because, when confronted with a sudden emergency, he did something which perhaps turned out to be wrong. Still less should the court control the question in the case of an infant, even of age *sui juris*.

As to the amount of the verdict in favor of the father, it is claimed that this was excessive, and, in connection with this claim, it is urged that the court erred in refusing to charge the following request on behalf of the defendant:

"In awarding damages for loss of wages or earnings, if you find for the plaintiff you should take into consideration only the summer of 1922, from August 11th to the beginning of school in September, as the testimony is that David Wood intended to return to high school and therefore would not have made wages after school opened. There is no testimony as to any definite wages received by him during the school term."

We are clear that it was no error in denying this request because the reasonably probable loss of wages is by no means confined to the summer of 1922, the father being entitled to any wages earned by the son until his majority. As to the amount generally, the defendant seems to concede that actual expenditure amounting to $2,891 was proved and claims that $4,000 would be enough to award to the father after taking everything into consideration. With this, however, we are unable to agree, because the expense to the father is not confined to a period ending with the beginning of the suit, but the jury should properly be required to consider what reasonable expense he would in all probability have to incur without limit as to time, certainly until the majority of the infant, and perhaps even after that if the young man should not be restored to health and should be dependent upon his father for aid. It was manifest that the younger plaintiff could not be restored to sound health without an important operation which would be very expensive and for which, very

probably, the father would have to pay. The duty of support in the case of an "impotent person or other poor person not able to work" does not end at majority, but may continue indefinitely. *Comp. Stat., p.* 4023, § 30; *Pamph. L.* 1911, *p.* 397, § 15; *Stark* v. *Fagan,* 90 *N. J. L.* 187. It is true that the trial judge in his charge limited the jury to considering the obligation of the father to provide medical care and attention for his son until he shall arrive at the age of twenty-one years; but even on this basis, the jury were entitled to find that in all reasonable probability the expenses theretofore incurred by the father would not end the matter, but that he would be obligated to incur and pay a very considerable amount in addition to them. We think, therefore, that the verdict was not excessive as to the father.

The other questions argued need but slight comment. The action of the court in allowing the jury to inspect the plaintiff's wound and judge of his physical condition by what was visible to them was in no way legally erroneous and was discretionary with the court. The charge in relation to the Traffic act we think was substantially correct. The court called attention to the pertinent provisions of the Traffic act and properly instructed the jury that, while they could be considered as bearing upon the question of negligence and contributory negligence, they were not controlling. This is in entire accord with our decisions. *Healey* v. *Braesled,* 120 *All. Rep.* 13; *Doyon* v. *Massoline Motor Car Company, Id.* 206; *Baker* v. *Fogg,* 95 *N. J. L.* 230.

The rule to show cause will be discharged.