## ZAKROCKI *v.* ZAKROCKI.

[No. 17,357.   Filed April 27, 1945.]

*Harry Taylor* and *Edward O. Scheer,* of South Bend, for appellant.

*Grant Lewis* and *George A. Crane,* of South Bend, for appellee.

ROYSE, J.—On December 7, 1933, appellee was granted a divorce from appellant in the Superior Court of St. Joseph County. The decree also granted her the care, control and custody of the four minor children of the parties, and appellant was ordered to pay for the support of said children. On November 13, 1944, appellee filed her verified petition for a modification of the order of support. This petition is as follows:

"The undersigned plaintiff in the above entitled cause, first being duly sworn upon her oath, says:

"1. That on the 7th day of December, 1933, this Court gave the care and custody of the four minor children of said parties to this plaintiff and ordered the defendant to pay for their support the sum of $10.00 per week.

"2. Three of said children, namely Chester, Herbert and Clarence, have at different times since, as they each in turn became old enough to do so, obtained employment and now and for some time past have been able to support themselves, however, the daughter of said parties, namely, Dorothy, now of the age of 27 years, has been invalided from birth and is now, has been and will be unable to support herself and requires and will require the continuous care of this plaintiff for reasons as follows, to-wit: her physical growth is limited to a child of 12 years and her mental capacity is limited to a child of two years, conditions not subject to change because of frequent attacks of epilepsy which have been recurrent as often as twice a week throughout her life.

"3 Said child Dorothy maintains a good appetite, eats well and the cost of maintaining her is equal to that of a child of 12 years or more, in fact more so because of her precociousness to tear or otherwise damage and destroy her clothing and other articles with which she must necessarily come in contact *with,* and further, she must at all times be given the personal attention of some other

person, requiring employment of such other person while plaintiff works which she needs must do in order to support herself.

"4. That the best interests of said child Dorothy require the continued care and custody of this plaintiff instead of any which can be furnished by an institution away and apart from plaintiff, her natural mother.

"5. That defendant is regularly employed by the Ward Baking Company in the City of South Bend, a position he held at the time of said decree of divorce and which he has held ever since, and from which he earns wages of not less than $75 per week. Further, he has not since re-married and has no other liability than to support himself and said Dorothy.

"Wherefore, plaintiff prays the Court to require defendant to pay to the Clerk of said Court for the care and support of said child*ren* Dorothy the sum of $10.00 per week, and for all other fair and proper relief."

Appellant was served with process and appeared generally through his attorney. Thereafter he filed a demurrer and motion for finding for the defendant on the grounds that the court did not have jurisdiction of the person of appellant or the subject-matter of the action. In a memorandum filed with this demurrer he cites § 3-1219, Burns' 1933, providing that the court, in decreeing a divorce, shall make provision for the minor children of such marriage. The court overruled this demurrer and ordered him to pay $10.00 per week for the support of said child.

The only errors properly assigned here are: (1) Overruling the demurrer and motion to find for appellant to appellee's petition for modification of support order; (2) That the court had no jurisdiction of the petition for modification of support order filed by appellee.

Appellant contends appellee cannot maintain this action because our Divorce Statute, § 3-1219, supra, does not give the trial court authority to require provision to be made for the support of adult children.

In support of the judgment of the trial court appellee contends her petition contains all the necessary allegations to constitute a complaint for equitable relief, and that the St. Joseph Superior Court had jurisdiction of the subject-matter of the action and the person of appellant. With this contention we agree. *Leibold* v. *Liebold* (1902), 158 Ind. 60, 62 N. E. 627.

In 46 C. J. (Parent and Child), p. 1269, § 47, it is stated:

"In the absence of statute, a parent ordinarily is under no legal obligation to support an adult child; but the legal liability for the support of the child ceases when it reaches the age of majority, unless the child elects to remain the servant of its father . . . or unless it is in such a feeble and dependent condition physically or mentally as to be unable to support itself; . . . The obligation of a parent to support a helpless adult child terminates when the necessity of support ceases, . . . ."

To the same effect is 39 Am. Jur. (Parent and Child), p. 645, § 40. See also: *Crain et al* v. *Mallone et al* (1908), 130 Ky. 125, 113 S. W. 67; *Wood et al* v. *Morris & Co.* (1924), (Sup. Ct.), 2 N. J. Misc. 1010, 126 A. 434; *Schultz* v. *Western Farm Tractor Co.* (1920), 111 Wash. 351, 190 P. 1007; *In Re Van Denburgh* (1917), 164 N. Y. S. 966.

In our opinion, a father is and should be just as responsible for the cost of the care and maintenance of an adult child who is physically or mentally unable to support itself as he is for his minor children. There-

fore, the judgment of the St. Joseph Superior Court, No. 2, is affirmed.

NOTE.—Reported in 60 N. E. (2d) 745.