CORBRIDGE *v.* CORBRIDGE.

[No. 28,630.   Filed January 7, 1952.]

*Byron Emswiller* and *Albert Stump,* both of Indianapolis, for appellant.

*Elton F. Leffler* and *Earl J. Wynn,* both of Indianapolis, for appellee.

EMMERT, J.—This is an appeal from a judgment entered on a finding that the appellee was guilty of contempt of court for failure to pay support money as ordered in a decree for absolute divorce of the parties to this appeal. The finding further stated that the minor child was now emancipated and that appellee should not be committed to jail for the contempt, although it found the appellant should recover the sum of $50.00 as attorneys' fees. Neither party to this appeal filed any motion to modify the judgment, and appellee has not assigned any cross-errors here. The error presented on appeal is the trial court's overruling of appellant's motion for a new trial. After the cause was argued here, we were of the opinion there had been no judgment entered on the finding. Under

Rule 2-3 we did not dismiss the appeal, but suspended consideration thereof, and ordered the trial court to enter a judgment.

The additional record as certified to this court discloses a new finding upon which judgment was entered.

We realize the force of the general rule that until a judgment is entered the cause is *in fieri,* and a court can amend, modify or change its decision,[1] but since the motion for new trial was addressed to the original finding, and no leave was granted by us to amend or modify the original finding, we believe the new finding was unauthorized. Therefore the judgment shall be considered as based upon the original finding.

The divorce decree awarded the custody of the son to the mother, and ordered appellant to pay the sum of $45.00 per month to the clerk of the court for the benefit of the minor child until further order. The bill of exceptions discloses that the son was 20 years and 9 months of age at the time of the hearing on the petition for rule to show cause, and that he volunteered for military service in the United States Army in September, 1946, with her consent and the consent of the father. Appellee contends enlistment by the son emancipated him, and appellant was not now entitled to the coercive remedy of attachment in a civil contempt proceedings to enforce payment of any past due support obligations.

---

[1] "Until final judgment was rendered the case was *in fieri,* and the court could change its decision with or without cause." Citing authorities. *East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 246, 84 N. E. 2d 588.

However, even during the same term a succeeding regular judge cannot vacate a finding or judgment made by a preceding regular judge. *State ex rel. Harp* v. *Vanderburgh C. Ct.* (1949), 227 Ind. 353, 85 N. E. 2d 254.

We agree with the statement of the Appellate Court of Indiana in *McCormick* v. *Collard* (1937), 105 Ind. App. 92, 95, 10 N. E. 2d 742, that "Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay." After support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and a petition to modify only operates prospectively. *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192. See also note 94 A. L. R. 332; *Adair* v. *Superior Court* (1934), 44 Ariz. 139, 33 P. 2d 995, 94 A. L. R. 328. Where support money is ordered to be paid to the mother who has custody of a minor child, she becomes a trustee of the funds for the use and benefit of the child. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 447, 45 N. E. 600; *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N. E. 2d 555. The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts less than ordered. The order for support was fixed for necessities of the child considering the station in life of the parties, and the particular facts and circumstances in the case. *Morris* v. *Morris* (1931), 92 Ind. App. 65, 171 N. E. 386. Until the order is modified the beneficiary of the trust is entitled to the collection of the amounts ordered, and the child's interest in the order cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds. *Pavuk* v. *Scheetz* (1940), 108 Ind. App. 494, 29 N. E. 2d 992, insofar as it is in conflict with this opinion, is overruled.

Section 3-1219, Burns' 1946 Replacement, provides that "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage."[2]  But the statutes on divorce make no provision for attachment to coerce the payments as ordered.  The power to attach for contempt of court for violation of the order is an inherent power not dependent upon statutory authority. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 45 N. E. 600, *supra*.  The extraordinary remedy of attachment for a civil contempt of court is available, not for the protection of the one having custody of the child, but for the benefit of the child, so that it may not want for necessities during the period of its minority.  When the child reaches its majority the purpose and justification for the extraordinary remedy cease, and the court has no right to coerce the back payments of support by imprisonment. *Lieder* v. *Straub* (1950), 230 Minn. 460, 42 N. W. 2d 11;[3] *Lowry* v. *Lowry* (1941), 189 Okla. 650, 118 P. 2d 1015; *McCartney* v. *Sup. Ct. of Okmulgee County* (1940), 187 Okla. 63, 101 P. 2d 245; 27 C. J. S. 1228, 1229, §321; 172 A. L. R. 892.

The issue presented here is the effect of the enlistment.  "An enlistment is not a contract only, but effects a change of status." *Morrissey* v. *Perry* (1890), 137 U. S. 157, 159, 11 S. Ct. 57, 34 L. Ed. 644, 645.  "Upon enlistment of plaintiff's son and

---

[2] The father is under no duty to give a child a college education. *Hachat* v. *Hachat* (1947), 117 Ind. App. 294, 71 N. E. 2d 927; *Morris* v. *Morris* (1931), 92 Ind. App. 65, 171 N. E. 386.

[3] "The purpose of our statute, §518.17, and its enforcement by contempt proceedings is to insure support for the children during their minority.  When they reach majority, the purpose and justification for the extraordinary remedy has expired." *Lieder* v. *Straub* (1950), 230 Minn. 460, 42 N. W. 2d 11, 13.

until his death he became entirely subject to the control of the United States in respect of all things pertaining to or affecting his service." *U. S.* v. *Williams* (1937), 302 U. S. 46, 49, 50, 58 S. Ct. 81, 83, 82 L. Ed. 39, 42, 43. "When a minor enlists in the military service of this country he ceases to be a part of his father's family and puts himself under the control of the government and is consequently emancipated so long as this service continues. . . ." *Iroquois Iron Co.* v. *Industrial Com.* (1920), 294 Ill. 106, 109, 128 N. E. 289. "The emancipation of a child competent to support itself discharges the parent from obligation for its support, although, if the child becomes unable to support itself, the father's duty revives." 39 Am. Jur. 707, §66.[4] See also note 165 A. L. R. 750.

By the son's enlistment, his custody was placed in the United States Army. We cannot presume that the federal government did not and would not make full and adequate provision for his support, maintenance, medical care, and education if required. This would be true whether the son enlisted or was drafted.

As soon as the son entered the armed forces the purposes of the trust for support, maintenance and education abated, and so continued as long as that service continued. Under §3-1219, Burns' 1946 Replacement, the force of the order would neces-

---

[4] Emancipation means, "as applied to the relinquishment of the claim to the services of a minor child, to free a child for all period of its minority, from care, custody, control and service." *Wabash R. Co.* v. *McDoniels* (1915), 183 Ind. 104, 110, 107 N. E. 291.

See also *Pub. Service Co.* v. *Tackett* (1943), 113 Ind. App. 307, 47 N. E. 2d 851.

"Whether there has been an emancipation is a question of fact but what is emancipation is a question of law." *Iroquois Iron Co.* v. *Industrial Com.* (1920), 294 Ill. 106, 109, 128 N. E. 289.

sarily expire when the son reached his majority. If thereafter the son became physically or mentally incapacitated so that the father could be again charged with his support, it would be by virtue of general equity powers of the court, and not by virtue of the divorce statute. *Zakrocki* v. *Zakrocki* (1945), 115 Ind. App. 556, 60 N. E. 2d 745.

There is no more reason for equity granting the coercive remedy of imprisonment to compel payment of past due installments of support after a son ▆ is a member of the armed forces of the United States than if he had attained his majority, or if prior thereto he had been absolutely emancipated. *Swenson* v. *Swenson* (1950), (Mo. App.), 227 S. W. 2d 103, 106; *Green* v. *Green* (1950), (Mo. App), 234 S. W. 2d 350. The remedy of attachment is for the benefit of the child and not its trustee under the order. *Brown* v. *Brown* (1933), 205 Ind. 664, 187 N. E. 836. Appellee was not under any contract obligation under the facts in this case to make support payments for the son until he became twenty-one, as was the case in *Carson* v. *Carson* (1950); 120 Ind. App. 1, 89 N. E. 2d 555, *supra*.

The motion to dismiss the appeal is overruled. The finding was sustained by sufficient evidence and was not contrary to law, and the motion for a new trial was properly overruled. Since the appellee has filed no assignment of cross-errors, he is not in a position to complain as to either the finding or the judgment.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 2d 764.