KIZER *v.* KIZER.

[No. 19,318. Filed June 24, 1963.]

*Ralph Hamill, John P. Price, Robert Hollowell* and *Hollowell & Hamill,* of counsel, all of Indianapolis, for appellant.

*H. Harold Soshnick,* of Shelbyville, *Howard J. De-Trude, Jr., Erle A. Kightlinger,* and *Armstrong, Gause, Hudson & Kightlinger,* of counsel, all of Indianapolis, for appellee.

CARSON, P. J.—The appellant as plaintiff below filed a complaint for divorce; the appellee as defendant below filed answer under Rule 1-3 of the Supreme Court of Indiana and filed a cross complaint in two paragraphs, the first paragraph being for separation from bed and board for limited time and the second paragraph being for absolute divorce. To the cross complaint the appellant filed answer under Rule 1-3 of the Supreme Court of Indiana.

Upon the issues thus joined the cause was submitted to the court for trial, finding, judgment and decree.

The court found against the appellant on his complaint and granted an absolute divorce to the appellee on her cross complaint, and after entering his findings rendered judgment thereon.

The appellant filed his motion for new trial in three paragraphs. At the time of oral argument the appellant waived the objections raised in paragraph I of said motion for new trial and all propositions in support thereof set out in his brief, and withdrew the same from the consideration of the court. Subsequently by written notice from the appellant and concurrence therein by the appellee all matters covered in paragraph II of the motion for new trial and the proposition in support thereof were waived and withdrawn from the consideration of the court.

The only part of the judgment of the trial court presented to this court for review is under paragraph III of appellant's motion for a new trial concerning the award of a support order and other expenses with respect to Howard W. Kizer, Jr., adult son of the parties.

Paragraph III of the motion for new trial and specifications in support thereof read as follows:

"Howard W. Kizer Sr. plaintiff and cross-defendant moves the court for a new trial of the part of said cause and proceeding which resulted in the award, finding, decision and decree that said Howard W. Kizer Sr. pay through the office of the Clerk of this [court] the sum of Seventy Dollars ($70.00) per week for the support of Howard W. Kizer Jr. which amount the Clerk upon receipt shall pay directly to said Howard W. Kizer Jr. and that said Howard W. Kizer Sr. pay an (sic.) medical hospital or institutional expenses that may be reasonable (sic.) required in any one year to properly care for or treat said Howard W. Kizer Jr. not to exceed the sum of Five Thousand Dol-

lard (sic.) ($5,000.00) in any one year, and in the event of hospitalization or the event said Howard W. Kizer Jr. is institutionalizeddor (sic.) if he be living or visiting with his father, then during such period, the amount decreed for thw (sic.) eeekly (sic.) support of said Howard W. Kizer Jr. shall be reduced to the sum of Thirty five Dollars ($35.00) per week for each of the following reasons:

"1. Said decision of the court is not sustained by sfufficient (sic.) evidence.

"2. Said decision of the court is contrary to law.

"3. Error in the assessment of the amount of recovery in that the same is too large.

"4. Said damages awarded are excessive.

"5. The court was without jurisdiction over the person of Howard W. Kizer Jr. or Howard W. Kizer Sr. to make such award finding, decision, order and decree.

"6. The court was without jurisdiction over the subject matter to make such award, finding, decision order and decree."

An examination of the argument of the appellant's brief and the points discussed under proposition number one leads us to the conclusion that this appeal may be disposed of by consideration of specifications five and six of paragraph III of the appellant's motion for new trial.

The jurisdiction of the trial court in a divorce action is entirely statutory and is governed by the provisions of §3-1219, Burns' 1946 Replacement, which was in effect at the time of the disposition of this case and which reads as follows:

"The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the *minor* children of such marriage." (our emphasis)

and cases cited thereunder.

The acts of the General Assembly of the State of Indiana conferring upon the trial courts jurisdiction in divorce actions are, in derogation of the common law and are to be strictly construed. For us to extend the obligation of support as required under our acts, to cover the instant case would be an attempt on our part to go beyond the clear language of the statute and legislate by judicial fiat. This we can not do.

As we now interpret the provisions of the act concerning divorce proceedings, there appears no requirement or duty of a father to support an adult, nonresident, physically impaired child. The facts as established by the evidence in the case at hand seem wholly insufficient, under the most liberal construction of the act, to warrant the imposition upon the father of the duty cast upon him by the trial court.

Under the statute our courts have repeatedly recognized the obligation to provide for the custody, support and education of *minor* children. We find no language in any Indiana cases and a very limited list of cases from other states where a trial court *in a divorce action* was sustained on appeal from a judgment ordering a parent to pay support for an adult child. We think the better rule is well stated in 162 A. L. R. 1090 where we find the following language:

"While it has often been recognized that a parent who is financially able may be compelled to maintain, or to pay for necessaries furnished to, an adult child who is incapacitated, the cases agree, almost without exception, that the court in a divorce suit is without authority to provide for such an adult child's support, the

divorce court's control over the child, or its care, terminating with his attainment of majority."

and cases cited therein. This same language is cited with approval in 17A Am. Jur., Divorce and Separation, §853, p. 43. It is apparent that the legislature by its clear and unambiguous language did not extend the obligation to support beyond the time when the children of the parties attained their majority.

In the case of *Manners* v. *State of Indiana* (1936), 210 Ind. 648, 5. N. E. 2d 300, the Supreme Court was considering an appeal from a felony conviction for failure to support. The court considered the criminal responsibility to support minor children in light of the divorce statutes defining the civil responsibility. The court at page 650 quoted §3-1219 Burns' Ann. St. 1933 (this statute is the same as §3-1219 Burns' 1946 Replacement) and said:

"Under this statute the court has complete jurisdiction to provide for the *support* and custody of *minor* children, and it is well settled that the jurisdiction continues during the *minority* of the children, and that the decree may be changed or modified." (Our emphasis)

Further on page 654 the court said:

"It is difficult to conclude that the legislature intended to punish as a felony a failure to do that which there is no civil obligation to do, and for a failure in which there is no civil remedy. A parent is not civilly liable for the support of his adult child, and it must be concluded that adult children are not within the meaning and intention of the statute."

The appellee argues strongly that the *Zakrocki* v. *Zakrocki* (1954), 115 Ind. App. 556, 60 N. E. 2d 745, supports the award made by the trial court in the in-

stant case. A careful examination of the case of *Zakrocki* v. *Zakrocki, supra,* distinguishes it from the case now before us. It is apparent from the language in the case of *Zakrocki* v. *Zakrocki, supra,* that the Superior Court of St. Joseph County had entered a decree providing for the care, control and custody of minor children in a divorce action at a time when the trial court's jurisdiction existed within the provision of the Indiana divorce statutes. Subsequently a petition to modify was filed in the same court between the same parties over whom the court had jurisdiction in the original divorce action and affecting the same children. Those facts do not exist in the case before us. We are not dealing with a petition to modify, but with an original action where the trial court has attempted to extend its jurisdiction beyond what we feel is the plain language of the statute. We feel that the language of the last paragraph of *Zakrocki* v. *Zakrocki, supra,* is dicta. In our opinion the case of *Zakrocki* v. *Zakrocki, supra,* has no application to the question before us.

With respect to that part of the finding, decision and decree ordering Howard W. Kizer, Sr., to pay support, medical, hospital or institutional expenses for Howard W. Kizer, Jr., the judgment is reversed.

Judgment reversed as to Howard W. Kizer, Jr.

Cooper, Clements and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 332.