PAUL C. SLAGLE v. LANORA A. SLAGLE.

[No. 3-872A39. Filed February 22, 1973. Rehearing denied March 27, 1973.]

Roger S. Moliere, of Fort Wayne, for appellant.

Patrick Purdy, Howard S. Grimm, Jr., Grimm & Grimm, of Auburn, for appellee.

HOFFMAN, C.J.—This appeal arises from the judgment of the trial court ordering appellant incarcerated until appellant purges himself of contempt by payment of support arrearage, attorney's fee and damages.

The factual background as disclosed in the record before us is as follows:

When Paul C. Slagle and Lanora A. Slagle were granted an absolute divorce Paul C. Slagle was ordered to pay $28 per week for the support of their two minor children in the custody of Lanora Slagle. On November 16, 1970, Lanora A. Slagle filed a petition seeking the issuance of a rule to show cause requiring Paul C. Slagle to appear and show cause why he should not be attached and punished for contempt of court for allegedly failing to comply with the support order. The trial court, having examined such petition, ordered Paul C. Slagle to appear and show cause. Paul C. Slagle subsequently petitioned the trial court to abate the support order for the reasons that petitioner has not been gainfully employed since October 3, 1969; that petitioner has been beset by medical problems and has been unable to pursue employment and petitioner does not own or possess any property.

The trial court, after hearing the evidence, made the following findings: that Paul C. Slagle is guilty of contempt of court, that the arrearage as of April 7, 1972, is $3,612, that a reasonable attorney's fee is $350, and that Paul C. Slagle failed to produce sufficient evidence to sustain his motion to abate support. The trial court then ordered the clerk to issue a writ of body attachment to the Sheriff of Noble County. The Sheriff was ordered to incarcerate Paul C. Slagle until such time as he purged himself of contempt by

payment of the arrearage in the amount of $3,612, reasonable attorney's fees in the amount of $350, and damages for inconvenience in the amount of $100. The writ of body attachment was stayed for two weeks to permit payment of such sums. No payment was made and the writ of body attachment issued on May 4, 1972. The motion to correct errors filed by appellant-Slagle was overruled, and Slagle was released pursuant to bond to await the determination of this appeal.

On appeal, appellant-Slagle preserves arguments one and two of his motion to correct errors: 1) that the judgment of the trial court is contrary to law, and 2) that the judgment of the trial court is contrary to the evidence. Inasmuch as both arguments are closely interrelated we will combine our consideration of them in the following discussion.

The scope of review to be applied by this court is equivalent to the scope of reviewing a negative judgment. The burden was on appellant-Slagle to establish the fact that his failure to comply with the original order was due to his inability to render obedience. *Carey* v. *Carey* (1961), 132 Ind. App. 30, 33, 171 N.E.2d 487 (transfer denied); *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N.E.2d 971.

We may not weigh the evidence nor determine the credibility of the witnesses. We may only look to the evidence contained in the record before us and reasonable inferences flowing therefrom most favorable to the decision of the trial court. The following evidence is disclosed in the record before us: appellant lives on a farm owned by his mother and is able to do chores on the farm. One of the chores performed by the appellant almost every day is the feeding of 65 head of cattle. Ordinarily, the cattle are fed twice a day requiring appellant to lift eight to twenty bales of hay weighing 25-40 pounds each. Appellant is able to drive a car and worked as a driver of a poultry truck in 1969. While appellant claims he is unable to work he presented no medical testimony to support such claim. He has made no

application for social security benefits and even failed to do so when ordered by the court. Mr. Slagle testified that he has not looked for any job.

The record discloses the fact that appellant has only made support payments in the past when brought before the court on petitions to show cause why he should not be held in contempt for failure to make such payments. He made no payments voluntarily and the payments made, when in the custody of the sheriff, were from checks signed by his mother. Appellant lives on the farm owned by his mother and shares a home with her. His mother furnishes the money for food, preparation of income tax returns, and hospital bills. He uses his mother's car for trips to Fort Wayne, Indiana, and for other purposes. His mother does not pay him for working on the farm.

The foregoing evidence and reasonable inferences flowing therefrom provide a probative basis for the decision of the trial court. Mr. Slagle failed to meet his burden of proving that he is actually unable to comply; does not have the ability to comply; has made any attempt to comply with the order of the trial court. Having carefully examined the proceedings in the trial court, we cannot say that the decision appealed from is erroneous.

Affirmed.

Sharp and Staton, JJ., concur.