Arthur H. GEMMER,
Appellant-Defendant,

v.

The ANTHONY WAYNE BANK,
Appellee-Plaintiff.

No. 2–1276A482.

Court of Appeals of Indiana,
Second District.

Aug. 27, 1979.

---

Arthur H. Gemmer, Indianapolis, pro se.

Donald F. Strutz, Fort Wayne, for appellant-defendant.

Frank E. Spencer, Indianapolis, for appellee-plaintiff.

YOUNG, Judge.

### ON PETITION FOR REHEARING

IC 1976, 26–1–3–408 (Burns Code ed.) provides that "no consideration is necessary for an instrument or obligation thereon given in payment of as security for an antecedent obligation of any kind." IC 1976, 26–1–3–102(3) (Burns Code ed.) states that " 'Instrument' means a negotiable instrument." A negotiable instrument is defined in IC 1976, 36–1–3–104(1) (Burns Code ed.) as a writing which is signed by the maker or drawer, contains an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter. It must be payable on demand or at a definite time and be payable to order or to bearer.

Gemmer has not contested the negotiability of the note, nor does he dispute that the guaranty is on the note's reverse side. The guaranty is clearly an obligation on an instrument, which obligation is given as security for an antecedent obligation, namely the promise to pay on the face of the note. Thus, section 3–408 clearly applies, and no additional consideration is necessary to bind Gemmer to his guaranty. *Cf. TMA Fund, Inc. v. Biever* (E.D.Pa.1974) 380 F.Supp. 1248, 1253 (because notes found to be non-negotiable section 3–408 of Uniform Commercial Code which provides that no consideration is necessary was found inapplicable, and court looked to common law). *John Mohr & Sons v. Apex Terminal Warehouse* (7th Cir. 1970) 422 F.2d 638, is distinguishable upon its facts. It involved a guaranty of a lease. Because the guaranty was neither an instrument nor an obligation on an instrument within the meaning of section 3–408, that section was inapplicable.

Petition denied.

MILLER, P. J., and CHIPMAN, J., concur.