Carl ROSS, Appellant (Plaintiff Below),

v.

Charlotte ROSS (now Balsley), Appellee. (Defendant Below).

No. 2–278A68.

Court of Appeals of Indiana, Third District.

Dec. 19, 1979.

Briscoe & Briscoe by David L. Briscoe, Kokomo, for appellant.

Keith, Berkshire & Keith by Russell T. Keith, Peru, for appellee.

SHIELDS, Judge.

Husband appeals the trial court's judgment finding him in contempt for non-payment of support, claiming the trial court abused its discretion and acted contrary to law by:

1. failing to find daughter Laura emancipated in August, 1974;

2. finding the original support order continued until the date of citation;

3. computing the support owed;
4. enforcing the full arrearage through contempt;
5. ordering Husband to pay Wife's attorney fees.

We affirm.

Pursuant to the divorce decree of March 10, 1967, Wife was granted custody of the parties' four minor children and Husband was ordered to pay $42.50 per week "support for said minor children." In August, 1977 Wife petitioned to cite Husband for contempt for unpaid support. Husband, in response, requested the trial court find three children emancipated and to allow him credit for support allocable to each child as he or she became emancipated, thereby reducing his delinquency. He further requested the trial court reduce future payments to allow for emancipation of three children. The trial court found Husband in contempt for unpaid support computed at $42.50 per week—denying Husband's request for "prepayment credit," and modified the original support order, declaring three children emancipated and reducing Husband's support obligation to $25 per week for the remaining minor child. Husband was ordered to pay $25 per week towards the delinquency and to pay Wife's attorney fees of $100.

### Husband's Support Obligation

Because it was an affirmative defense to his delinquency, Husband had the burden of proving the asserted effect of emancipation upon the original support order.[1] *Indiana Rules of Procedure, Trial Rule 8(C)*; *State v. Boyle* (1976) Ind.App., 344 N.E.2d 302, 304; *Slagle v. Slagle* (1973) 155 Ind.App. 304, at 306, 292 N.E.2d 624, at

626. The trial court's rejection of Husband's defense results therefore in a negative finding which Husband correctly challenges as contrary to law. To determine whether a negative finding is contrary to law, this court considers only the evidence favorable to the trial court's decision. Husband must demonstrate this evidence led to only one conclusion but the trial court reached another. *Bowmar Instrument Corp. v. Allied Research Associates, Inc.* (1979) Ind.App., 392 N.E.2d 825, 826; *Gemmer v. Anthony Wayne Bank* (1979) Ind. App., 391 N.E.2d 1185, 1189, *reh. denied* Ind.App., 393 N.E.2d 784; *State v. Boyle*, 344 N.E.2d at 304.

Sections 12 and 17 of IC 31–1–11.5 [Burns Code Ed.1979. Supp.] define the perimeters of an obligated parent's duty under a support order. Unless the trial court makes a special finding to extend the support obligation, those sections terminate the duty of a supporting parent to an individual child when the child attains the earlier of emancipation or twenty-one. Section 17, recognizing the trial court's inherent power to hold a defaulting parent in contempt, directly addresses modification and termination of support orders at subsection (b) providing "[u]nless otherwise agreed in writing, or expressly provided in the order, provisions for child support *are terminated* by the emancipation of the child . . . ."[2] IC 31–1–11.5–17(b) [Burns Code Ed.1979 Supp.] (emphasis added). Section 12, defining the scope of an original support order, provides at subsection (d):

The duty to support a child under this chapter ceases when the child reaches his twenty-first [21st] birthday unless:

---

1. Husband also had the initial burden of proving that emancipation of three children had occurred. The parties stipulated to facts effecting emancipation of one child in 1969 and another in 1973. The parties disputed the date of emancipation of daughter Laura, Husband urging Laura became emancipated in August, 1974. The trial court found all three emancipated in August, 1977. The court did not specify whether it was recognizing prior emancipation of the two older children at the time of the August, 1977 contempt proceeding, or was

finding, contrary to stipulated evidence, emancipation of the two older children was not effected until the August, 1977 hearing. Our interpretation of the support order does not require we address this issue.

2. The language added to IC 31–1–11.5–17 by Acts 1979, P.L. No. 273, § 5, which is set forth in the 1979 Supplement of Burns Code Edition, affects only subsection (a), subsection (b) above remaining unchanged since 1974.

(1) the child is emancipated prior to his twenty-first [21st] birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or (2) the child is incapacitated in which case the child support continues during the incapacity or until further order of the court.

IC 31–1–11.5–12(d) [Burns Code Ed.1979 Supp.][3]

■ Because the trial court did not extend Husband's obligation beyond emancipation pursuant to IC 31–1–11.5–12(d), assuming, as Husband argues, three of the parties' four minor children became emancipated prior to the 1977 contempt proceedings, Husband's duty to support *each* child terminated as a matter of law as each child became emancipated.

Termination of the parental duty under IC 31–1–11.5, sections 12(d) and 17(b) [Burns Code Ed.1979 Supp.] does not, as Wife responds, effect a retroactive modification of a support order. Emancipation terminates the legal force of the support order by terminating the parental obligation, and is not therefore contrary to case law requiring all modifications to be prospective.[4]

Emancipation of some of the children did not, however, relieve Husband of his duty to support the remaining minor children. The original order required Husband to pay $42.50 per week as "support for said minor children . . . until further order of Court." Therefore, Husband was required to support the remaining minor children under the tenor of the original order ($42.50 per week) until his duty to support *all* the minor children terminated as a matter of law.[5] As long as there remained an unemancipated minor child, Husband was required to make the payments in the manner, amount, and at the times required by the original order. *Stitle v. Stitle* (1964) 245 Ind. 168, 197 N.E.2d 174. If Husband sought reduction of the undivided support order as the children became emancipated, he should have petitioned the trial court to modify its original order.

■ Other jurisdictions examining undivided support orders have also held eman-

---

**3.** Although section 12, as part of the Indiana Dissolution Act, was not operative when the original support order of 1967 was entered, this section did apply to limit Husband's support obligation when the contempt-modification determination was made in 1977. Section 4 of Acts 1973, P.L. No. 297 putting in force the Dissolution Act, provides "[t]his Act shall be in full force and effect on and after September 1, 1973, except that this Act shall not apply to any action for divorce then pending without a final decree entered, but upon the first entry of a final decree for divorce therein by the trial court, this Act shall thereafter apply to such pending action, and to all final decrees entered after September 1, 1973."

Section 12 did not, however, alter applicable law when the original order was entered, which limited the duty of an obligated parent by the authority of the trial court to order support which "did not extend . . . beyond the time when the children . . . attained their majority," majority being defined by common law as age 21. IC 31–1–12–15 [Burns Code Ed.1973]; *See Kizer v. Kizer*, (1963) 135 Ind. App. 8, 191 N.E.2d 332.

**4.** An obligated parent incurs a substantial risk when deciding on his or her own that emancipation has occurred. As set forth earlier, IC 31–1–11.5–12(d) [Burns Code Ed.1979 Supp.]

empowers the trial court to extend the parental obligation beyond the child's emancipation. In addition, the determination of emancipation will often require the resolution of both legal and factual issues—a determination to be made by the trial court. *See Corbridge v. Corbridge* (1952) 230 Ind. 201, 102 N.E.2d 764. Proper procedure would therefore require the obligated parent to request the trial court find emancipation has occurred and that the statutory duty under the support order is terminated.

Notwithstanding termination of the statutory duty at emancipation, the parties may agree to extend the obligation beyond that point and upon approval by the trial court this agreement becomes a part of the court order. IC 31–1–11.5–10, 31–1–11.5–17(b) [Burns Code Ed.1979 Supp.]

**5.** Indiana Code 31–1–11.5–17 [Burns Code Ed. 1979 Supp.] terminates the parental duty to support at the child's emancipation, absent an agreement or specific provision in the support order to the contrary. When IC 31–1–11.5–17 is read in conjunction with IC 31–1–11.5–12(d) [Burns Code Ed.1979 Supp.], emancipation is presumed to occur at 21 absent a finding by the trial court to the contrary.

cipation of less than all the children does not automatically reduce the obligating parent's duty under this support order. The reasons for so holding also apply to Indiana statutory law. Pursuant to IC 31–1–11.5–12 [Burns Code Ed.1979 Supp.] child support is not based solely upon the needs of the minor children but also considers the financial resources of the non-custodial parent. When the trial court devises a support order, IC 31–1–11.5–12(a) requires it consider all factors relevant to support, including the financial resources of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and mental condition of each child, including his or her educational needs, and the financial resources and needs of the non-custodial parent. [Burns Code Ed.1979 Supp.] Employing these factors in framing a lump-sum support order for several children, the trial court may properly consider the individual needs of each child, recognizing each child's needs are unique. Further, the trial court, considering the financial resources and needs of the non-custodial parent, may order the non-custodial parent pay an amount less than the children actually need for support, recognizing the inability of the non-custodial parent to pay a higher sum at the time of the order. Therefore, as the statutory duty to support an individual child terminates under an undivided support order for several children, the obligated parent should not be allowed to arbitrarily reduce the support payment, but should petition to the trial court for an examination of current conditions to determine if modification of the order is proper.[6] *See e. g. Becker v. Becker* (1978) Md.App., 387 A.2d 317; *Halcomb v. Halcomb* (1977) La.App., 343 So.2d 1183; *Doty v. Doty* (1977) 45 Ill.App.3d 213, 3 Ill.Dec. 925, 359 N.E.2d 784; *Gordon v. Ary* (1962) Mo.App., 358 S.W.2d 81. *See generally*, Annot., 2 A.L.R.3d 596 (1965).

Therefore, notwithstanding the alleged error of the trial court in failing to find daughter Laura emancipated prior to 1977,

Husband was obligated to abide by the terms of the original order—to pay $42.50 per week for support of the remaining minor child—until the order was modified. The trial court did not therefore act contrary to law by finding the terms of the original order continued to operate until it modified same. The trial court correctly computed the delinquency using the weekly rate set forth in the original order, denying Husband's request for a proportionate reduction of the delinquency allocable to the emancipated children.

Because the original support order continued to provide for at least one minor child, the trial court did not err by enforcing the full amount of the delinquency through contempt. Contempt becomes an unavailable remedy for enforcing a support order only when the children are emancipated. *Corbridge v. Corbridge* (1952) 230 Ind. 201, 102 N.E.2d 764; *Kuhn v. Kuhn* (1979) Ind. App., 389 N.E.2d 319, at 321.

### *Attorney Fees*

The trial court ordered Husband to pay the $100 attorney fees incurred by Wife in prosecuting the contempt action. Husband contends the trial court erred by failing to consider Wife's own ability to pay her attorney fees.

██ Indiana Code 31–1–11.5–16 [Burns Code Ed.1979 Supp.] empowers the trial court to order a party "pay a reasonable amount . . . for attorneys' fees, including sums for legal services rendered . . . after entry of judgment." Awarding of attorney fees rests with the sound discretion of the trial court and will be set aside only if Husband establishes abuse of that discretion. *Johnson v. Johnson* (1979) Ind.App., 389 N.E.2d 719, 722; *Farthing v. Farthing* (1978) Ind.App., 382 N.E.2d 941; *Wireman v. Wireman* (1976) Ind.App., 343 N.E.2d 292.

██ When exercising its discretion under IC 31–1–11.5–16, the trial court may consider the superior earning power of one

---

**6.** To establish grounds sufficient to modify a support order, petitioner must demonstrate conditions have so substantially changed as to make the original order unreasonable. IC 31–1–11.5–17 [Burns Code Ed.1979 Supp.].

of the parties. Further, while the trial court must consider the resources of Wife as the one for whose benefit the order is sought, that Wife has assets from which payment could be made does not, standing alone, make an award for her benefit improper. *Wendorf v. Wendorf* (1977) Ind. App., 366 N.E.2d 703, 706. *Brown v. Brown* (1973) 157 Ind.App. 672, 301 N.E.2d 400. The evidence reveals both Husband and Wife were employed. Although neither party offered evidence of his or her net worth, the evidence does indicate a disparity in their current income of $9,000, Husband earning $19,000 per year, Wife earning $10,000. Further, when ordering the payment of attorney fees, the trial court may properly allow for Husband's own actions occasioning the need for the contempt proceedings. *Haycraft v. Haycraft* (1978) Ind.App., 375 N.E.2d 252, 255–56. Considering the evidence supporting the trial court's decision, we find its decision reasonable. Husband has therefore failed to establish an abuse of discretion. *Geberin v. Geberin* (1977) Ind.App., 360 N.E.2d 41, at 47; *Dunbar v. Dunbar* (1969) 145 Ind.App. 479, at 483, 251 N.E.2d 468, at 471.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.