**Marjorie A. REFFEITT, Appellant**
**(Plaintiff Below),**

v.

**James A. REFFEITT, Appellee**
**(Defendant Below).**

**No. 3–680A167.**

Court of Appeals of Indiana,
Third District.

July 23, 1981.

Robert D. Colestock, Fort Wayne, for appellant.

Bruce O. Boxberger, Grotrian & Boxberger, Fort Wayne, for appellee.

## ON PETITION FOR REHEARING

HOFFMAN, Presiding Judge.

This case is before the Court on James Reffeitt's petition for rehearing. In his petition James asserts that this Court, in making its decision, relied on an erroneous record.

In *Reffeitt v. Reffeitt* (1981), Ind.App., 419 N.E.2d 999, at 1001 this Court stated:

"James filed a motion for summary judgment. Essentially, James contended that a contempt proceeding was an improper procedure for the purpose of collecting support for emancipated children although it had accrued prior to the emancipation. The referee recommended that the motion for summary judgment be granted. There is however no indication in the record that the motion was actually granted by the trial court."

At 1002 of 419 N.E.2d it was stated:

"James argues that the only issue before the trial court was whether he was in arrears for the support of the emancipated children which had accrued prior to their emancipation. In making this argument, James assumes that the trial court granted his motion for summary judgment on Marjorie's original information for contempt. This assumption is erroneous. As noted previously, although the referee recommended that the motion be granted, there is no indication in the record that the trial court acted upon the recommendation. The original information for contempt was therefore still before the court."

After it was brought to the attention of this Court that the order of the trial court accepting the referee's recommendation was inadvertently omitted from the record of proceedings, a writ of certiorari was issued in order to correct the record. Subsequently, the trial court submitted a certified copy of its order whereby the court accepted the findings and recommendations of the referee and adopted them as the findings and orders of the court.

James has failed however to demonstrate how the correction of the record should alter the result reached by the Court of Appeals. It was recognized by this Court in the original opinion that all parties acted on the assumption that the motion for summary judgment had been granted only with respect to the emancipated children. This

is also evident from the trial court's denial of James' motion to dismiss after the grant of the summary judgment. After quoting a discussion between the attorneys and the referee it was noted in the original opinion that:

"From the above exchange between the referee and attorneys, it is also apparent that the referee considered the issue of contempt upon the support payments due the unemancipated children as an issue still before the court. James' argument that the amount of arrearage for the unemancipated children was not in issue must fail." 419 N.E.2d at 1002.

Inasmuch as the issue of contempt with regard to support payments due the unemancipated children was properly before the court, *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066 is controlling. Accordingly, James' petition for rehearing is denied.

GARRARD and STATON, JJ., concur.