**Hilda L. JOHNSON,**
**Petitioner-Appellant,**

v.

**Richard A. JOHNSON,**
**Respondent-Appellee.**

No. 1–683A192.

Court of Appeals of Indiana,
First District.

March 13, 1984.

Mark F. Otten, Greenwood, for petitioner-appellant.

John M. Smart, III, Gantz, Smart & Kessler, Greenwood, for respondent-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Hilda Johnson appeals from a disposition of property in an action for dissolution of marriage in the Johnson Superior Court. We reverse.

## FACTS

Upon the granting of wife's petition for dissolution, the court in its judgment required that the marital estate be converted to cash and placed in trust. The trust was to be used while both parties lived to provide for the maintenance of the wife and for the support and benefit of the children. Upon the death of one spouse, one half (½) of the trust was to be set-off to the estate of the deceased, with the remainder to revert to the survivor outright. It is from this judgment that wife now appeals.

## ISSUE

Wife raises nineteen (19) issues on appeal. However, because of our disposition of one of these issues, we do not reach the remainder. Rephrased, the dispositive issue in this appeal is as follows:

Did the trial court err in committing the marital estate to a trust?

## DISCUSSION AND DECISION

The trial court erred in liquidating the marital estate and placing the proceeds into a trust.

■■■ Dispositions of marital property in Indiana are governed by statute. *See Lord v. Lord,* (1982) Ind.App., 443 N.E.2d 847, 850. While such dispositions are generally within the sound discretion of the trial court, *Loeb v. Loeb,* (1973) 261 Ind. 193, 207, 301 N.E.2d 349, 358; *Tomlinson v. Tomlinson,* (1976) 170 Ind.App. 331, 341, 352 N.E.2d 785, 792, *trans. denied,* such court must, nevertheless, follow the provisions of the statute in reaching its conclusion. *See Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391, 398 (statute provides the sole method for dividing marital property in a dissolution proceeding). Indiana Code section 31–1–11.5–11(b) (1982) provides for the disposition of the marital estate upon the dissolution of marriage. That section states, in pertinent part:

"In an action pursuant to section 3(a) of this chapter, *the court shall divide the property of the parties,* whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, *either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.* [Emphasis supplied.]"

This court has previously indicated that section 11(b) mandates "a final separation of the parties and a final division of their property." *Whaley v. Whaley,* (1982) Ind. App., 436 N.E.2d 816, 820, quoting *Wilhelm v. Wilhelm,* (1979) Ind.App., 397 N.E.2d 1079, 1081; *In re Marriage of Owens,* (1981) Ind.App., 425 N.E.2d 222, 224 (statute manifests legislature's preference for a financial parting of the ways). Anything less than such a complete and final determination will not satisfy the statutory mandate.

■■■ Divorce statutes are in derogation of the common law. *Kizer v. Kizer,* (1963) 135 Ind.App. 8, 12, 191 N.E.2d 332, 334. In reviewing a claim that the trial court exceeded the statute in disposing of the marital estate, we must strictly construe the statute. *Id.* Section 11(b) provides that "the court *shall* divide the property of the parties...." Ind.Code § 31–1–11.5–11(b) (emphasis supplied). "Shall" is generally

considered to be a word of mandatory import. *State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001. Its use in section 11(b) is no exception to that rule. *See Wilhelm,* 397 N.E.2d at 1081. Section 11(b) then goes on to set-out three (3) distinct alternatives by which the court may dispose of the marital estate. None of these alternatives provides for the creation of a trust into which the marital estate may be placed once it has been reduced to cash. As we have previously noted, "[i]t is not this court's function to provide an alternative not implicitly or expressly provided by the legislature." *Lord v. Lord,* (1982) Ind. App., 443 N.E.2d 847, 849 (trial court could not award joint custody where statute failed to provide for such an alternative). *Accord Kizer v. Kizer,* (1963) 135 Ind.App. 8, 12, 191 N.E.2d 332, 334 (trial court could not order husband to support adult, physically-impaired child where statute only mandated support of minor children). In the instant case, the trial court's discretion in disposing of the marital estate did not extend to the creation of a device which was not provided for by the legislature. Accordingly, we conclude that the creation of the trust and the placing of the marital estate therein was contrary to law and must be reversed as such.[1] Because the remainder of appellant's issues are tied to the creation of the trust—the entire decree flows therefrom—we must reverse the judgment of the lower court without further elaboration and remand for a proper, complete, and final disposition of the Johnson's marital estate that is not inconsistent with this opinion.

Reversed and Remanded.

NEAL, P.J., and ROBERTSON, J., concur.

1. Appellee's argument to the contrary notwithstanding, Indiana Code section 31–1–11.5–15 (1982) does not provide a suitable basis by which to support the creation of the trust in the instant case. That section provides, in pertinent part, that "[u]pon entering an order pursuant to section 11 ... of this chapter, the court may provide for ... security, bond or other guarantee ... to secure the division of property." While section 15 does provide for a guarantee to

insure the division of property, it does not vitiate the legislature's intent that a final division of the property actually occur. Once the court has made a final disposition of the marital estate, it may then guarantee, by virtue of section 15, that the final distribution is, in fact, carried out according to the decree. However, section 15 does not allow the court to avoid the clear mandate of section 11(b) that the decree manifest a final division of the property.