Harold E. CONNELL, Appellant–Respondent,

v.

Martha A. CONNELL, Appellee–Petitioner.

No. 01A02–9102–CV–00051.

Court of Appeals of Indiana, Second District.

Dec. 31, 1991.

Jeffrey G. Raff, Fort Wayne, for appellant-respondent.

T. Dean Swihart, Fort Wayne, for appellee-petitioner.

SHIELDS, Judge.

Harold E. Connell appeals the trial court's judgment finding him in contempt.

We affirm in part, reverse in part, and remand for further proceedings.

## ISSUES

1. Whether the evidence is sufficient to support the trial court's determination Harold E. Connell violated the court's order

by removing family photographs from the family home.

2. Whether an affirmative defense must be set forth in a written response to a contempt petition.

## FACTS

The marriage of Harold E. Connell (Harold) and Martha A. Connell (Martha) was dissolved on March 23, 1987. At that time, two of the couple's four children, Christine, age 20, and Jennifer, age 17, were unemancipated. Martha was granted custody of the two children. Harold was ordered to pay child support in the amount of $30 per week for Christine and $60 per week for Jennifer, for a total of $90 per week. Under the terms of the parties' property settlement agreement, which was approved by the trial court, Martha was awarded, among other things, the family home and "[a]ll household ... furnishings, decorations, [and] effects ... presently in [her] ... possession," at the family home. Record at 23.

Shortly after the dissolution, Harold removed photographs of the children and family from the family home.

Harold ceased making support payments after June 3, 1988 because Christine was twenty-one on June 7, 1988 and Harold believed Jennifer was emancipated; she had graduated from high school and had full-time employment.

Martha filed a contempt petition on July 26, 1990 claiming Harold was in contempt of court for removing the photographs and for failing to pay child support. On September 12, 1990 a hearing was held on Martha's petition. At the hearing Harold offered evidence of Jennifer's emancipation. The trial court admitted the evidence but later determined it was inadmissible because Harold had failed to file a written response to Martha's petition alleging emancipation as an affirmative defense.

On September 21, 1990 the trial court determined Harold was in arrears in child support, determined he had removed photographs from Martha's residence in violation of the property settlement agreement approved by the trial court and incorporated in the dissolution decree, adjudged Harold in contempt of the court's order, and ordered him to return the photographs, pay $7,440 in child support by December 31, 1991, and pay Martha's attorney fees of $500.

## DISCUSSION

### I.

■ Harold argues the evidence is insufficient to support the trial court's determination he removed photographs from the family home in violation of the property settlement agreement.

When reviewing the sufficiency of the evidence we will not disturb the trial court's findings unless they are clearly erroneous and we will not reweigh the evidence or reassess witness credibility. *Eden United, Inc. v. Short* (1991), Ind. App., 573 N.E.2d 920, 924. Our review is limited to considering the evidence and reasonable inferences drawn therefrom that support the trial court's judgment. *Id.* Unless after a review of the entire record we have a firm and definite belief a mistake has been made by the trial court, the trial court's judgment will be affirmed. *Id.*

At the hearing, Martha Connell testified family photographs were in her possession at the family residence after the effective date of the property settlement, that shortly thereafter the photographs were removed from the family home, and that Harold admitted taking the photographs. This evidence is sufficient to support the trial court's determination Harold removed family photographs from the family home in violation of the property settlement agreement and the court's order that Harold return "any and all pictures and photographs belong to [Martha] ... within 30 days of this Order." Record at 30.

### II.

■ Harold argues the trial court erred in striking evidence of Jennifer's alleged emancipation merely because Harold had not specifically pled the defense in a written response to Martha's contempt petition.

Martha argues emancipation is an affirmative defense that "must be properly raised by some appropriate document." Appellee's Brief at 11. The legal authority Martha cites to support her argument is *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066. She argues the citation of T.R. 8(C) in the following quote from *Ross* requires Harold to raise his affirmative defense of emancipation through an unspecified written response to her contempt petition:

> Because it was an affirmative defense to his delinquency, Husband had the burden of proving the asserted effect of emancipation upon the original support order. *Indiana Rules of Procedure, Trial Rule 8(C); State v. Boyle* (1976) [168] Ind.App. [643], 344 N.E.2d 302, 304; *Slagle v. Slagle* (1973) 155 Ind.App. 304, at 306, 292 N.E.2d 624, at 626.

397 N.E.2d at 1068.

Indiana Trial Rule 8(C) provides that if a responsive pleading is necessary, the party filing the pleading must include within that responsive pleading any affirmative defense it seeks to assert. The Rule further provides the pleader bears the burden of proving the affirmative defense. However, an indirect civil contempt proceeding, initiated by a petition or motion to show cause, does not require a responsive pleading; the respondent typically is ordered only to appear in open court, at a designated time, "and then and there show cause why he should not be punished for contempt of an Order of this Court." 15 J. Eric Smithburn, Indiana Practice, Family Law § 9.89 (1991). Therefore, the responsive pleading requirement of T.R. 8(C) is not applicable and the citation of that section in *Ross* is intended to support only the proposition that the party raising an affirmative defense bears the burden of proving that affirmative defense.

■ However, whether the trial court's error in striking the proffered evidence constitutes reversible error depends upon the validity of Martha's argument that, as a matter of law, the trial court could not determine Jennifer was emancipated prior to the hearing. According to Martha, to allow a trial court to determine a child has been emancipated prior to the hearing on emancipation violates the principle that emancipation is never presumed, but must be proven, and further, would have the effect of shifting "the burden of bringing the issue of support payments to the Court onto the custodial parent." Appellee's Brief at 19.

The trial court erred when it struck evidence of Jennifer's alleged emancipation because the law allows the trial court to determine Jennifer was emancipated prior to the date of hearing on the only issue before the trial court: Harold's alleged contempt for nonpayment of the Sixty Dollars ($60.00) per week previously ordered for Jennifer's support.[1] In *Ross* this court specifically acknowledged the validity of the holding of the supreme court in *Corbridge v. Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764. The issue in *Corbridge* was the alleged contempt of the obligated parent for failing to pay court ordered support for a minor child after the child's enlistment in the United States Army. The obligated parent argued the child's enlistment emancipated him and, therefore, the custodial parent was not then entitled to the coercive remedy of contempt to enforce any past due support obligations. The supreme court agreed:

> Until the order is modified the beneficiary of the trust is entitled to the collection of the amounts ordered, and the child's interest in the order cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds.

\* \* \* \* \* \*

The extraordinary remedy of attachment for a civil contempt of court is available, not for the protection of the one having custody of the child, but for the benefit of the child, so that it may not want for necessities during the period of its minority. When the child reaches its majority the purpose and justification for the extraordinary remedy cease, and the court

---

1. Harold did not seek a modification of the order of support.

has no right to coerce the back payments of support by imprisonment. . . .

\* \* \* \* \* \*

There is no more reason for equity granting the coercive remedy of imprisonment to compel payment of past due installments of support after a son is a member of the armed forces of the United States than if he had attained his majority, or if prior thereto he had been absolutely emancipated.

230 Ind. at 206–209, 102 N.E.2d at 767–68 (citations omitted). Of course, as this court noted in *Ross,* the obligated parent who fails to pay the support as ordered because that parent believes the beneficiary is emancipated incurs a substantial risk that the trial court, after a hearing, will find the child was not emancipated and hold the obligated parent in contempt.[2]

■ Because the trial court did not consider the evidence on Jennifer's alleged emancipation in determining the issue of Harold's contempt for nonpayment of child support, we reverse the trial court's determination thereof and remand this cause to the trial court for further proceedings.[3]

Judgment affirmed as to order pertaining to the photographs; in all other respects the judgment is reversed and the cause remanded for further proceedings.

BUCHANAN, J., concurs.

SULLIVAN, J., concurs with separate concurring opinion.

---

**2.** Also, the issue of contempt is distinct from the issue of whether the custodial parent may obtain a judgment for support that accrued under an existing order prior to the hearing on emancipation. However, in *Ross* this court stated that the obligated parent's duty to support a child terminates as a matter of law with that child's emancipation. In particular, this court stated: [t]ermination of the parental duty . . . does not . . . effect a retroactive modification of a support order. Emancipation terminates the legal force of the support order by terminating the parental obligation, and is not therefore contrary to case law requiring all modifications to be prospective." 397 N.E.2d at 1069.

**3.** We cannot review Harold's claim the evidence reveals "numerous factors indicating Jennifer's

SULLIVAN, Judge, concurring.

With respect to contempt proceedings, I agree that a belated court determination that a child was earlier emancipated precludes punishment for failure to pay support. Notwithstanding my concurrence in *Ross v. Ross* (1979) 3rd Dist.Ind.App., 397 N.E.2d 1066, I do not agree with the implication of footnote 2 of the majority opinion which draws from that decision. The majority seems to say that a non-custodial parent may refuse or fail to seek a modification premised upon emancipation but may thereafter avoid the effect of a continuing support order.

As the majority observes, except for reaching the age of majority, the matter of emancipation is extremely fact sensitive. Until the matter has been resolved by a court, there has been no emancipation. There can be no emancipation until the facts have been determined. *See Taylor v. Chaffin* (1990) 2nd Dist.Ind.App., 558 N.E.2d 879. It would seem that for a court to make a retroactive determination of emancipation is to effect a retroactive modification of a support order. We have many times stated that such is inappropriate. *Pickett v. Pickett* (1984) 4th Dist.Ind. App., 470 N.E.2d 751; *Whitman v. Whitman* (1980) 2nd Dist.Ind.App., 405 N.E.2d 608.

Where a non-custodial parent fails to timely seek a termination of the duty of support based upon factual emancipation, as opposed to emancipation as a matter of

---

emancipation," Appellant's Brief at 13, because this issue is an issue of fact that has not been decided by the trial court. We also cannot review Harold's claim that pursuant to IC 31–1–11.5–12(d)(1) (1988) his duty to support terminated as a matter of law upon Jennifer's emancipation. As stated above, the question of Jennifer's emancipation involves an issue of fact to be resolved by the trial court. IC 31–1–11.5–12(e) (1988) provides that "[f]or purposes of determining if a child is emancipated under subsection (d)(1), if the court *finds* that the child . . . (3) is not under the care or control of (A) either parent . . . the court shall *find* the child emancipated and terminate the child support." [emphasis added]. We express no opinion on the factual issue of emancipation.

law,[4] he or she should be bound by the specific terms of the support order.

In all other respects, I fully concur.

---

**4.** In addition to reaching the age of majority, there are other instances in which emancipation takes place as a matter of law. Upon proof that a child has enlisted in the military service, or has married, the court *must* find the child emancipated. *Wittwer v. Wittwer* (1989) 3rd Dist.Ind.App., 545 N.E.2d 27. Nevertheless, in such cases, a formal court determination is required.