**Alwin L. WITTWER, Appellant (Respondent Below),**

v.

**Dianna K. WITTWER, Appellee (Petitioner Below).**

No. 17A03–8902–CV–29.

Court of Appeals of Indiana, Third District.

Oct. 23, 1989.

Thomas A. Herr, Barrett & McNagny, Fort Wayne, for appellant.

HOFFMAN, Judge.

Respondent-appellant Alwin L. Wittwer appeals the trial court's judgment of child support.

The facts relevant to this appeal disclose that the parties were divorced on November 5, 1980. Petitioner-appellee Dianna K. Wittwer was awarded custody of the three minor children. Appellant was ordered to pay $75.00 per week in child support and the children's medical expenses. There were no provisions in the decree for payment of any educational expenses.

In September 1982, the appellant's son, James Wittwer, entered the U.S. Navy. He was 19 years old. Later that fall he was discharged after sustaining an injury. James returned home to live with his mother, the appellee.

On August 9, 1983, the court, upon Mrs. Wittwer's request, increased child support to $90.00 per week. The court deferred ruling on Mrs. Wittwer's request to allocate the responsibility of payment of $9,537.15 in medical expenses incurred by James as a result of his injury.

In January 1987, Mr. Wittwer filed a Motion to Reduce Support and in March 1987, Mrs. Wittwer filed a Citation for Contempt and Rule to Show Cause and Request for Ruling on Medical Expenses. After a hearing, the trial court on July 1, 1988 made the following findings in relevant part:

"3. That James A. Wittwer, child of the parties, shall be emancipated as of November 20, 1987. In the event that James A. Wittwer, son of the parties, shall enroll in an accredited college, university, trade school, or a technical school such as Ivy Tech in Fort Wayne, Indiana, the Husband shall make application through the educational assistance program at his place of employment to assist James A. Wittwer in his attempt at further education and training as he had done for Patty L. Wittwer, upon the following conditions:

\* \* \* \* \* \*

(c) that the Husband shall pay two-thirds (⅔) of the costs of such educational endeavor of James and the Wife shall pay one-third (⅓) thereof;

(d) that during the time that James shall be actively enrolled and in attendance at such school and shall be expected to be gainfully employed and self-supporting, the Husband shall pay the additional sum of support for James to the Wife in the amount of $40.00 per week, payable to the Clerk of this Court;

(e) that in the event that James shall not qualify for the educational assistance program at Husband's place of employment, but become enrolled in some course of higher education or training as hereinabove set forth, the Husband shall pay three-fifths (⅗) of the costs thereof, James shall pay one-fifth (⅕) thereof and the Wife shall pay one-fifth (⅕) thereof;

(f) that to activate the provisions of this Order as to higher education or training for James, he shall be enrolled in such program on or before October 1, 1988.

4. That pursuant to the stipulation of the parties at the commencement of the hearing held in this cause on November 20, 1987, the Husband is in arrears in support to the date of November 20, 1987, in the amount of $4,835.00, which arrearage shall be discharged by the Husband by the payment of $30.00 per week to the Clerk of this Court until such arrearage shall have been paid in full.

5. Pursuant to the order made in this cause of August 9, 1983, making provision for the payment of medical expenses by the Husband for the children of the parties, on which date the Court found the Husband to be in arrears in the payment of said medical expenses in the amount of $254.52, said sum shall be paid by the Husband as hereinafter set forth; that as stated in No. 6 of the entry made on August 9, 1983, in which the ruling upon the allocation of the payment of the sum of $9,537.15 in medical expenses incurred by James Wittwer was deferred, the Court now ORDERS that the Husband shall pay the sum of $7,402.24...."

The following issues are appealed:

(1) whether James Wittwer, child of the parties, was emancipated when he entered the U.S. Navy;

(2) whether appellant should pay any of the costs of higher education or training pursued by James Wittwer; and

(3) whether the support arrearage, stipulated to by the parties, should not be modified.

Inasmuch as appellee did not file a brief, appellant may prevail by making a prima facie showing of reversible error. *Costanzi v. Ryan et al.* (1978), 175 Ind.App. 257, 370 N.E.2d 1333.

I.

■ Appellant argues that the trial court erred in failing to find the son, James, was emancipated when he entered the armed services in September 1982. He contends that his obligation for support ended in September 1982.

The Indiana statute on child support, IND.CODE § 31–1–11.5–12 (1988 Ed.) provides in relevant part:

"(e) For purposes of determining if a child is emancipated under subsection (d)(1), if the court finds that the child:

(1) has joined the armed services; ...

the court *shall find* the child emancipated and terminate the child support." (Emphasis added.)

In accordance with this statute, James was emancipated when he entered the U.S. Navy in September 1982. The trial court's finding that James "shall be emancipated as of November 20, 1987" is clearly erroneous and should be changed accordingly.

Appellant was ordered to pay $7,402.24 in medical expenses incurred by James. However, these medical expenses were incurred after James was emancipated and thus, appellant is not obligated to pay these expenses. This portion of the trial court judgment ordering appellant to pay $7,402.24 in medical expenses is reversed.[1]

## II.

■ Appellant contends that the portion of the trial court's order which imposes an obligation on him to pay James' educational expenses is contrary to law.

The relevant portion of IND.CODE § 31–1–11.5–12 (1988 Ed.) provides:

"(d) The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

(1) the child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs *may continue* in effect until further order of the court[.]" [Emphasis added.]

This portion of the statute was interpreted in *Martin v. Martin* (1986), Ind., 495 N.E.2d 523, 525:

"It must be noted, however, that the disputed clause does not state that an

order for educational needs 'may be first initiated.' The statute only provides that such order 'may continue.' The statute does not authorize adult children to use post-dissolution proceedings to finance the expenses of college commenced or resumed later in life. If this had been the intention of the General Assembly, we presume that the enacted statute would have so provided. It does not. The statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs."

In this case there is not a support order which provides for the educational needs of James enacted prior to James' emancipation. Thus, it was error for the trial court to order appellant to pay educational expenses for James and this portion of the trial court's order must be reversed. Likewise, the trial court's order of $40.00 per month additional support while James is enrolled in school is also error and should be reversed since James is emancipated.

## III.

Both parties stipulated at the commencement of the hearing that appellant owed $4,835.00 in support arrearage and the trial court relied upon this stipulation in its order.

■ It has been held that parties entering into a stipulation are bound to the facts so stipulated. *Lyons v. State* (1982), Ind., 431 N.E.2d 78. Once a stipulation is entered into between the parties, the facts so stipulated are conclusive upon both the parties and the tribunal. *Coonan v. State* (1978), 269 Ind. 578, 382 N.E.2d 157, *cert. den.* (1979) 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. A party cannot properly challenge facts on appeal which it has stipulated to below. *Office of Utility Con. v. Pub. Serv. Co.* (1984), Ind.App., 463 N.E.2d 499, 501.

1. For the purpose of clarification, the trial court's order of $7,402.24 in medical expenses did not include the $254.52 in medical expenses ordered by the trial court in Finding No. 5.

This being the case, appellant has presented no error for review by this Court in regard to this issue. The trial court's order that appellant pay the $4,835.00 in support arrearage is affirmed.

Reversed in part and affirmed in part.

STATON and CONOVER, JJ., concur.