INDIANA OFFICE OF ENVIRONMENTAL ADJUDICATION; Department of Environmental Management, Appellants–Defendants,

v.

Peter F. KUNZ and Jane Elder Kunz, Appellees–Plaintiffs.

No. 49A02–9812–CV–982.

Court of Appeals of Indiana.

Aug. 5, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

Larry J. Kane, Katherine L. Shelby, Bingham Summers Welsh & Spilman, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

GARRARD, Judge

### Case Summary

The Indiana Department of Environmental Management ("IDEM") appeals a trial court's decision denying its motion to dismiss and granting a petition for review filed by Peter and Jane Kunz. We affirm.

### Issues

We rephrase the two issues presented for our review:

I. Whether the Indiana Office of Environmental Adjudication ("OEA") had subject matter jurisdiction over the Kunzes' petition for administrative review; and,

II. Whether the Kunzes should have been permitted to amend their petition.

### Facts and Procedural History

The Kunzes own property and water wells near the Indianapolis Water Company's ("IWC's") proposed water treatment facility. An aquifer, which is below the Kunzes' property and which feeds their wells, was the source of the water that IWC proposed to treat at its new facility. On February 10, 1997, IDEM issued a permit to IWC for the construction of the water treatment facility.

At the end of February, the Kunzes filed a petition for administrative review and stay concerning the permit. OEA dismissed the Kunzes' petition for lack of subject matter jurisdiction. In March, the Kunzes moved for reconsideration of the order. During a May hearing regarding reconsideration, the Kunzes asked for leave to introduce evidence of the deficiencies in the permit process and of substantial environmental concerns with the source of the water. An OEA environmental law judge ("ELJ") did not permit the introduction of such evidence and stated he was affirming the dismissal of the Kunzes' petition. In June, the Kunzes filed a motion for reconsideration of the order denying review and requested an opportunity to amend their petition to state additional issues with respect to the permit. However, in a November order reaffirming the denial of review, OEA stated that the Kunzes' original petition did not contain sufficient allegations to invoke jurisdiction and the petition was not amended to include issues from which OEA would have jurisdiction to grant relief within the time allowed by Indiana Code Section 4–21.5–3–7.

In December of 1997, within fifteen days of receiving OEA's decision, the Kunzes filed their petition for judicial review. IDEM and IWC both moved to dismiss. After briefing and arguments regarding the motions, the trial court denied the motions to dismiss, granted the Kunzes' petition for review, and remanded for further action consistent with its decision. IDEM filed a timely praecipe.[1]

---

1. The Kunzes have perfected a separate administrative proceeding challenging the IWC's well fields. The present proceeding challenges only the treatment plant.

### Discussion and Decision

■ In reviewing an administrative decision, we are bound by the same standard as the trial court. *Holmes v. Board of Zoning Appeals of Jasper County*, 634 N.E.2d 522, 524 (Ind.Ct.App.1994).

A court reviewing an administrative decision is limited to determining whether the agency had subject-matter jurisdiction and whether the agency's decision was made upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory, or legal principles. On judicial review, we are bound by the agency's findings of fact if those findings are supported by substantial evidence. However, we owe an agency's conclusions of law no deference, as any agency determination that is not in accordance with the law may be set aside. When the facts are undisputed and the question is whether those facts lead to a particular conclusion, a question of law is presented and we need not defer to agency decision-making.

*State Bd. of Registration for Professional Engineers v. Eberenz*, 701 N.E.2d 892, 894 (Ind.Ct.App.1998) (citations omitted).

### I.  OEA's Jurisdiction

■ IDEM first argues that OEA properly determined that the Kunzes' petition for administrative relief failed to state a claim over which OEA would have jurisdiction. In support, IDEM cites Indiana Code Sections 13–15–6–3 and 13–15–6–2 as well as cases dealing with AOPA. Citing Indiana Code Sections 4–21.5–7–5 and 4–21.5–3–7, the Kunzes respond that IDEM presumes an improperly narrow concept of OEA's subject matter jurisdiction.

We first examine the cases cited by IDEM. *Commissioner, Dept. of Environmental Mgmt. v. Bethlehem Steel Corp.*, 703 N.E.2d 680 (Ind.Ct.App.1998), *Kemp v. Family & Social Servs. Admin.*, 693 N.E.2d 641 (Ind. Ct.App.1998), and *Prohosky v. Department of Natural Resources*, 599 N.E.2d 611 (Ind.Ct. App.1992) indicate that the failure to comply with AOPA's procedural requirements de-

prives a *trial court* of jurisdiction. These cases do not address the situation presented here, which is whether procedural requirements of a statute can deprive an *administrative agency* of jurisdiction. Indeed, the parties have not cited, and our independent research has failed to reveal, any cases dealing with Indiana Code Sections 13–15–6–3, 13–15–6–2, or 4–21.5–7–5. Thus, this case presents issues of first impression.

■ When the meaning of a statute is at issue, we follow several rules of statutory construction. *See* IND.CODE § 1–1–4–1(1). We do not interpret a statute that is facially clear and unambiguous. Rather, we give the statute its plain and clear meaning. *Skrzypczak v. State Farm Mut. Auto. Ins.*, 668 N.E.2d 291, 295 (Ind.Ct.App.1996). Additionally, when construing a statute, the legislature's definition of a word binds us. When the legislature has not defined a word, we give the word its common and ordinary meaning. *Id.* In order to determine the plain and ordinary meaning of words, courts may properly consult English language dictionaries. *Ashlin Transp. Servs., Inc. v. Indiana Unemployment Ins. Bd.*, 637 N.E.2d 162, 167 (Ind.Ct.App.1994). If a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent. *Skrzypczak*, 668 N.E.2d at 295. In doing so, we read an act's sections as a whole and strive to give effect to all of the provisions, *id.*, so that no part is held meaningless if it can be reconciled with the rest of the statute. *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App.1996), *trans. denied.* Further, we presume that our legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Walling v. Appel Service Co., Inc.*, 641 N.E.2d 647, 651 (Ind.Ct.App.1994).

Indiana Code Section 13–15–6–1 provides:

Not later than fifteen (15) days after receiving[2] the notice provided by the commissioner ... any other person aggrieved by the commissioner's action; may appeal the commissioner's action to the [OEA] and request that an [ELJ] hold an adjudi-

---

2.  In 1998, Indiana Code Section 13–15–6–1 was altered to state, "[n]ot later than fifteen (15) days after *being served* the notice ...." (emphasis added).

catory hearing concerning the action under Ind.Code 4–21.5–3 and Ind.Code 4–21.5–7.

Indiana Code Section 13–15–6–3 states:

(a) Not later than thirty (30) days after receiving[3] a request for an adjudicatory hearing, an [ELJ] under Ind.Code 4–21.5–7 shall, if the [ELJ] determines that:

(1) the request was properly submitted; and

(2) the request establishes a jurisdictional basis for a hearing; assign the matter for a hearing.

\* \* \*

(c) After a final hearing under this section, a final order of an environmental law judge on a permit application is subject to review under Ind.Code 4–21.5–5.

Indiana Code Section 13–15–6–2 states:

A written request for an adjudicatory hearing under section 1 of this chapter must do the following:

(1) State the name and address of the person making the request.

(2) Identify the interest of the person making the request.

(3) Identify any person represented by the person making the request.

(4) State with particularity the reasons for the request.

(5) State with particularity the issues proposed for consideration at the hearing.

(6) Identify the permit terms and conditions that, in the judgment of the person making the request, would be appropriate in the case in question to satisfy the requirements of the law governing permits of the type granted or denied by the commissioner's action.

If we were to hold that in order for OEA to have jurisdiction under Indiana Code Section 13–15–6–3(a)(2) a petition must meet the requirements of Indiana Code Section 13–15–6–2, then Indiana Code Section 13–15–6–3(a)(1)'s requirement that the request be properly submitted would be rendered meaningless. We think the more logical interpre-

tation is to read Indiana Code Section 13–15–6–3(a)(2) as requiring general subject matter jurisdiction and to read Indiana Code Section 13–15–6–3(a)(1) as requiring that the subparts of Indiana Code Section 13–15–6–2 must be met.

◼ Subject matter jurisdiction refers to jurisdiction over the class of cases to which the particular case belongs. *City of Marion v. Antrobus*, 448 N.E.2d 325, 328 (Ind.Ct. App.1983). "The office of environmental adjudication is established to review ... decisions of the commissioner of the department of environmental management." IND.CODE § 4–21.5–7–3. An ELJ, as an employee of OEA, "is the ultimate authority under this article for reviews of decisions of the commissioner of environmental management." IND. CODE §§ 4–21.5–7–4, –5. Thus, OEA has subject matter jurisdiction over the present case which challenges a decision of IDEM. Accordingly, we disagree with the trial court to the extent that it agreed with the ELJ's conclusion that the Kunzes' "petition for review failed to establish a jurisdictional basis for the hearing." Record at 243. However, that is not the end of the inquiry.

◼ Subject matter jurisdiction alone is not sufficient to require OEA to hold a hearing on a petition. The plain language of Indiana Code Section 13–15–6–3 reveals that a hearing need not be set unless there is both subject matter jurisdiction and the request is properly submitted (i.e., the subparts of Indiana Code Section 13–15–6–2 are met). As applied here, OEA had jurisdiction over the Kunzes' action but was not required to set a hearing until the Kunzes submitted a petition which complied with Indiana Code Section 13–15–6–2. OEA determined that the Kunzes had not met the requirements of Indiana Code Section 13–15–6–2. We cannot say that determination was arbitrary or capricious.

## II. Amendment of Petition

◼ IDEM next asserts that OEA correctly denied the Kunzes' request to amend their petition because the Kunzes failed to

---

**3.** In 1998, Indiana Code Section 13–15–6–3 was altered to state, "[n]ot later than thirty (30) days after *being served* a request ....'" (emphasis added).

invoke OEA's jurisdiction before the time for filing the petition had expired. Having concluded *supra* that OEA had jurisdiction over the present case, we have already resolved part of this contention. Therefore, the final issue to address becomes whether, having jurisdiction over the Kunzes' matter, OEA nevertheless properly denied the Kunzes an opportunity to amend [4] their petition.

In examining this issue, we look to the section upon which the ELJ relied [5] in disallowing any amendment by the Kunzes:

(a) To qualify for review of a personnel action to which Ind.Code 4–15–2 applies, a person must comply with Ind.Code 4–15–2–35. To qualify for review of any other order described in section 4, 5, or 6 of this chapter, a person must petition for review in a writing that does the following:

(1) States facts demonstrating that:

(A) the petitioner is a person to whom the order is specifically directed;

(B) the petitioner is aggrieved or adversely affected by the order; or

(C) the petitioner is entitled to review under any law.

(2) Includes, with respect to determinations of notice of program reimbursement and audit findings described in section 6(a)(3) and 6(a)(4) of this chapter, a statement of issues that includes:

(A) the specific findings, action or determination of the office of Medicaid policy and planning or of a contractor of the office of Medicaid policy and planning from which the provider is appealing;

(B) the reason the provider believes that the finding, action, or determination of the office of Medicaid policy and planning or of a contractor of the office of Medicaid policy and planning was in error; and

(C). with respect to each finding, action, or determination of the office of Medicaid policy and planning or of a contractor of the office of Medicaid

policy and planning, the statutes or rules that support the provider's contentions of error.

Not more than thirty (30) days after filing a petition for review under this section, and upon a finding of good cause by the administrative law judge, a person may amend the statement of issues contained in a petition for review to add one (1) or more additional issues.

IND.CODE § 4–21.5–3–7.

■ We agree with the trial court that the thirty day provision within the aforementioned section is only applicable to amendments to the statement of the issues under Indiana Code Section 4–21.5–3–7(a)(2) *in Medicaid reimbursement claims.* We agree for two reasons. First, as the left margin indicates, the thirty day provision is a part of Indiana Code Section 4–21.5–3–7(a)(2), the sub-section dealing with Medicaid reimbursement claims. The thirty day provision does not appear in, and thus does not apply to, the remainder of Indiana Code Section 4–21.5–3–7 which deals with non-Medicaid cases. Second, the thirty day provision refers to "the statement of issues." The only other reference to "the statement of the issues" is also within Indiana Code Section 4–21.5–3–7(a)(2). Nowhere else in Indiana Code Section 4–21.5–3–7 is "the statement of the issues" mentioned. For these reasons, the above section is inapplicable to the present non-Medicaid case and does not justify denying the Kunzes' request for an opportunity to amend their petition.

■ The parties have not cited, and our independent research has not revealed, any Indiana state cases concerning whether an agency with jurisdiction over a case should permit amendment of administrative pleadings. Consequently, we look to non-binding authority. "It is, of course, well settled that administrative pleadings are to be liberally construed and amended." *Brock v. Dow Chemical U.S.A.,* 801 F.2d 926, 930 (7th Cir.1986); *see also Abercrombie v. Clarke,* 920 F.2d 1351, 1360 (7th Cir.1990),

---

4. Presumably, in an amendment, the Kunzes would attempt once more to comply with the requirements of Indiana Code Section 13–15–6–2 so that OEA would grant them a hearing.

5. Record at 166 ("Order Affirming Order Denying Review").

*cert. denied,* 502 U.S. 809, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991). A complaint in an administrative proceeding need not "enumerate precisely every event to which a hearing examiner may finally attach significance." *L.G. Balfour Co. v. Federal Trade Comm'n,* 442 F.2d 1, 19 (7th Cir.1971). Rather, the purpose of the administrative complaint is to give the responding party notice of the charges against him. *Id.* Reversal shall not occur absent evidence that a party is misled by an administrative complaint, resulting in prejudicial error. *Id.* We find persuasive the Seventh Circuit's comments on amendments to administrative pleadings. *Cf.* Ind. Trial Rule 15 (regarding amendment of pleadings in a civil, rather than administrative, context). Accordingly, we agree with the trial court that the ELJ's decision, denying the Kunzes an opportunity to amend their petition, was contrary to law.

Affirmed.

BAILEY, J. and HOFFMAN, Sr.J. concur.