**Michael W. BORDERS, Appellant,**

v.

**Barbara A. (Borders) NOEL, Appellee.**

No. 49A04–0306–CV–285.

Court of Appeals of Indiana.

Dec. 17, 2003.

Jane Ruemmele, Indianapolis, IN, Attorney for Appellant.

Bruce D. Brattain, Mario Garcia, Brattain & Minnix, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Michael W. Borders ("Father") appeals the trial court's Order granting Barbara A.

Noel's ("Mother") Verified Petition for Emancipation of the parties' then nineteen-year-old son, John. We address the following issues on review:

1. Whether the trial court erred when it determined that John was emancipated as a matter of law under Indiana Code Section 31–16–6–6(b)(1).

2. Whether the trial court's judgment may be affirmed on the grounds that Mother's duty to support John ceased under Indiana Code Section 31–16–6–6(a)(3).

We affirm and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

John was born on October 14, 1983. Mother and Father divorced in 1987. Under the terms of the Dissolution Decree, the court awarded Father physical custody of John and ordered Mother to pay $102.35 per week in child support. John graduated from high school on June 1, 2002 and joined the United States Marine Corps Reserves ("Reserves") on June 22. Approximately five weeks into his basic training, John suffered a knee injury. After he spent a few weeks in recovery, he was discharged from service.

In August 2002, John moved back in with Father. In September 2002, John began working full-time, making $8.55 per hour. In October 2002, Mother filed her petition for emancipation, and the trial court scheduled a hearing for December 18. At that hearing, John testified that he had knee surgery on December 3, 2002, and that he had planned to enroll at Indiana University–Purdue University at Indianapolis ("IUPUI") in the fall of 2002. However, John did not enroll in school because of his injury and, as of the date of the hearing, had taken no steps towards enrollment for 2003.

The trial court issued its Order of Emancipation on April 21, 2003 and concluded that John was emancipated by operation of law on June 22, 2002 when he enlisted in the Reserves. The court further determined that Mother's support obligation terminated on June 22, 2002, and ordered Mother to pay any child support arrearage to Father within ten days. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

The trial court entered findings and conclusions sua sponte. When a court enters such findings, the specific findings control only as to the issues they cover, and a general judgment standard applies to any issue upon which the court has not entered findings. *Brinkmann v. Brinkmann*, 772 N.E.2d 441, 444 (Ind.Ct.App. 2002). We may affirm a general judgment on any theory supported by the evidence. *Id.* The judgment will be reversed only if clearly erroneous. *Mullis v. Brennan*, 716 N.E.2d 58, 62 (Ind.Ct.App.1999). In determining whether the findings or judgment are clearly erroneous, we consider only the evidence most favorable to the judgment. *Id.* In addition, we neither reweigh evidence nor judge witness credibility. *Id.*

### Termination of Child Support and Emancipation of a Child

Father asserts that the trial court erred when it concluded that John was emancipated by operation of law when he joined the Reserves. In particular, he contends that, because John had been discharged in August 2002, the court should have examined John's current circumstances in determining whether he was emancipated. Mother responds that the court correctly concluded that John be-

came emancipated on the date he joined the Reserves. In the alternative, she asserts that the trial court's judgment may be affirmed because her duty to support John had ceased under Indiana Code Section 31–16–6–6(a)(3).

 " 'What constitutes emancipation is a question of law, while whether an emancipation has occurred is a question of fact.' " *Dunson v. Dunson,* 769 N.E.2d 1120, 1123 (Ind.2002) (quoting *Quillen v. Quillen,* 659 N.E.2d 566, 576 (Ind.Ct.App. 1995), *adopted in part by Quillen v. Quillen,* 671 N.E.2d 98, 100 (Ind.1996)). The party seeking emancipation must present competent evidence that emancipation has occurred. *Dunson,* 769 N.E.2d at 1123. Indiana Code Section 31–16–6–6 governs the termination of child support and emancipation of a child and provides:

(a) The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

\* \* \*

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) has joined the United States armed forces;

(2) has married; or

(3) is not under the care or control of:

(A) either parent; or

(B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

## I. Subsection (b)(1): Joining United States Armed Forces

In *Wittwer v. Wittwer,* 545 N.E.2d 27, 29 (Ind.Ct.App.1989), this court reversed a trial court's determination that a child who had enlisted in the United States Navy was *not* emancipated. The facts in *Wittwer* are analogous to the facts here. Specifically, the child in that case joined the armed forces in September 1982, but was discharged later that fall due to an injury. The child returned home to live with his mother, and his father, who had been paying child support, argued in response to the mother's motion to increase child support that the child was emancipated. *Id.* at 28. Based on the facts in that case, we held that under a prior version of Indiana

Code Section 31–16–6–6(b)(1),[1] the child was emancipated when he entered the Navy in September 1982. *Id.* at 29.

Still, Father asserts that *Wittwer* is not dispositive because the mother in that case did not file a brief, and this court found that the trial court's conclusion on emancipation was clearly erroneous based only on a showing of prima facie error. In addition, Father directs us to our supreme court's opinions in *Corbridge v. Corbridge*, 230 Ind. 201, 102 N.E.2d 764 (1952), and *Dunson*, 769 N.E.2d at 1124. Based on those cases, Father maintains that the court erred when it found that John was emancipated "by operation of law" when he joined the Reserves and did not examine whether John is, in fact, self-supporting.

In *Corbridge*, 102 N.E.2d at 766, the trial court found the father in contempt of court for failing to pay child support, and the father argued that the son was emancipated when he joined the United States Army. The supreme court agreed with the father that the son was emancipated when he enlisted. *Id.* at 768. In dicta, however, the court stated that "The emancipation of a child competent to support itself discharges the parent from obligation for its support, although, if the child becomes unable to support itself, the father's duty revives." *Id.* at 767 (citation omitted). And holding that the son was emancipated, the court stated that if the son "became physically or mentally incapacitated so that the father could be again charged with his support, it would be by virtue of general equity powers of the court, and not by virtue of the divorce statute." *Id.* at 768.

More recently, in *Dunson*, our supreme court addressed a dispute over whether a child was emancipated under subsection (b)(3) of the statute, which requires a showing that the child is not under the care or control of either parent. Although the specific provision at issue was subsection (b)(3), not subsection (b)(1), the court "reaffirmed the longstanding view that emancipation requires that (1) the child initiate the action putting itself outside the parents' control and (2) the child in fact be self-supporting." *Dunson*, 769 N.E.2d at 1123–24. The court stated further:

Indiana Code [S]ection 31–16–1–2 states that "the purpose and policy of [31–16–6–6 is] to provide for child support." We believe the legislature's intent in enacting the emancipation statute is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support.

*Id.* at 1124. The court also cited dicta from *Corbridge* with approval as follows:

The language of subsection (b)(3), viewed in isolation, leads to the conclusion that neither self-support nor initiative of the child is required for emancipation. Here, however, we think both stare decisis and legislative acquiescence support the view that subsection (b)(3) requires that the child must in fact be supporting itself to be emancipated. The idea that children must be supporting themselves to be emancipated has been a part of Indiana case law since at least 1952. *Corbridge v. Corbridge*, 230 Ind. 201, 208, 102 N.E.2d 764, 767 (1952) (child deemed emancipated because he

---

1. The statute in effect at the time we decided *Wittwer* was Indiana Code Section 31–1–11.5–12 (1988), which provided in relevant part: "(e) For purposes of determining if a child is emancipated under subsection (d)(1), if the court finds that the child: (1) has joined the armed services; ... the court *shall find* the child emancipated and terminate child support." *Wittwer*, 545 N.E.2d at 29 (emphasis in *Wittwer*).

was in military and could support himself, but "if the child becomes unable to support itself, the father's duty [to support the child] revives". "When the legislature enacts a statute in derogation of the common law, this Court presumes that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication." *Bartrom v. Adjustment Bureau, Inc.*, 618 N.E.2d 1, 10 (Ind.1993).

*Id.*

Contrary to Father's assertions, *Dunson* does not determine whether a child has been emancipated under subsection (b)(1). Rather, the bright-line rule under subsection (b)(1) remains intact, and a child who joins the United States armed forces is emancipated as a matter of law. However, in some circumstances, like those presented here, *Dunson* indicates that once a child has been emancipated under subsection (b)(1), the parents' support obligation may nevertheless be revived. *Dunson*, 769 N.E.2d at 1124 (citing *Corbridge*, 230 Ind. 201, 102 N.E.2d at 767).

■ Here, the trial court had before it a unique case, both factually and procedurally. Factually, John had joined the Reserves in June but was discharged in August due to an injury. Procedurally, Mother filed her petition for emancipation *after* John had been discharged. We agree with the trial court that John was emancipated when he joined the Reserves in June 2002. *See* I.C. § 31–16–6–6(b)(1). However, based on the unique combination of the facts and the procedural posture, the issue of whether Mother's support obligation had been revived because of John's discharge was also before the court. The trial court's findings do not address that issue. Thus, while we affirm the trial court's legal conclusion that John was

emancipated in June 2002, the court erred when it failed to examine whether Mother's support obligation had been revived.

## II. Subsection (a)(3): Child Not Enrolled in School

■ Still, we agree with Mother that the trial court's general judgment may be affirmed on an alternative basis. In particular, Indiana Code Section 31–16–6–6(a)(3) provides that the duty to support a child ceases when that child: (1) is at least eighteen years of age; (2) has not attended a secondary or postsecondary school for the prior four months and is not enrolled in a secondary or postsecondary school; and (3) is or is capable of supporting himself through employment. Our review of the record shows that Mother met the requirements of subsection (a)(3).

The evidence shows that John, who was born on October 14, 1983, was nineteen years old when Mother filed her petition. He graduated from high school in June 2002 and, as of the December 2002 hearing, John had not attended a post-secondary school since his graduation, nor had he enrolled in classes at IUPUI. Indeed, John admitted that he had taken no steps towards enrolling in school. In addition, John is working a full-time job earning $8.55 per hour. That evidence supports a conclusion that John: (1) is at least eighteen years of age; (2) has not attended a secondary or postsecondary school for the prior four months and is not enrolled in school; and (3) is capable of supporting himself through employment. *See* I.C. § 31–16–6–6(a)(3)(A)–(C).

But Father points out that he has paid some of John's medical bills, car insurance, and other expenses since John has returned to his home to live. Father's arguments amount to a request that we reweigh the evidence, which we will not do. *See Mullis*, 716 N.E.2d at 62. Again, we

may affirm a general judgment on any theory supported by the evidence, and we will reverse the judgment only if it is clearly erroneous. *Id.* We conclude that Mother presented evidence that her duty to support John ceased under subsection (a)(3) of the statute.

Father also contends that emancipation is not in John's best interests. Mother responds that Father cites no authority for his proposition that a trial court must examine the child's best interests in determining whether the child is emancipated under Indiana Code Section 31–16–6–6. As the court made clear in *Dunson*, 769 N.E.2d at 1124, the purpose and policy of Indiana Code Section 31–16–6 is to provide for child support, and "the legislature's intent in enacting the emancipation statute is to require that parents provide protection and support" for their children until the child no longer requires such support. Thus, inquiry into the child's best interests is implicit in the emancipation statute. In this case, however, Mother met her burden of proving that John no longer requires such parental care and support.

Finally, emancipation under subsection (b)(1) of the statute results in the termination of child support on the date of emancipation. *See* I.C. § 31–16–6–6(b)(1) (referencing subsection (a)(1), which provides that child support, except for education needs if applicable, terminates at time of emancipation). However, subsection (a)(3) provides that child support is terminated on the date the court finds that the child is emancipated. *See* I.C. § 31–16–6–6(a)(3) (stating child support terminates "upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially

supporting himself or herself, the court may order that support be modified instead of terminated."). Thus, while we affirm the judgment, we remand with instructions to the trial court to issue an amended order clarifying the date on which Mother's child support obligation terminated under subsection (a)(3).

Affirmed and remanded.

ROBB, J., and MATHIAS, J., concur.