Jeffrey O. BUTRUM, Appellant–Respondent,

v.

Kathy L. ROMAN, Appellee–Petitioner.

No. 84A04–0308–JV–389.

Court of Appeals of Indiana.

Feb. 24, 2004.

John A. Kesler II, Kesler & Kesler, Terre Haute, IN, for Appellant.

## OPINION

VAIDIK, Judge.

### Case Summary

Jeffrey O. Butrum ("Father") appeals the trial court's order denying his petition to emancipate his daughter. Specifically, Father contends that because his daughter was eighteen years old, living with her boyfriend, working full-time, and not yet

enrolled in college, she was emancipated pursuant to Indiana Code § 31–16–6–6. Because the daughter was still being financially supported by her parents, working full-time to save money for college, and living rent-free with her boyfriend, Father has failed to prove that his daughter was self-supporting or capable of supporting herself. Accordingly, we affirm the trial court's order that daughter was not emancipated.

## Facts and Procedural History

Father and Kathy L. Roman ("Mother") have a daughter, H.R. H.R. turned eighteen years old on May 14, 2002. Around that same time, H.R. graduated from high school and moved in with her boyfriend. From May 2002 to January 2003, H.R. and her boyfriend lived together rent-free in a house owned by the boyfriend's family. During this time period, H.R. worked full-time at a bank, earning approximately $7000 in 2002. Since high school, H.R. planned on going to college. Because she thought that she would have financial trouble, H.R. took the 2002 fall semester off and worked full-time to save money for college. While H.R. was living with her boyfriend and working full-time, she still received financial support from her parents.

In September 2002, H.R. filled out an application to Purdue University for the 2003 spring semester. H.R. was accepted to Purdue, and in January 2003 she moved into an apartment in West Lafayette with three other girls and began taking classes. H.R. was awarded various scholarships that covered her tuition, fees, and books for the 2003 spring semester, and she took out a Stafford Loan to help cover her living expenses.

While H.R. was living with her boyfriend and working full-time but after H.R. had filled out an application to Purdue, Mother filed a Petition to Modify Child Support and for Contribution Toward College Expenses. On November 4, 2002, Father filed a petition to emancipate H.R. The trial court held a hearing on both motions and issued an order concluding that H.R. was emancipated for child support purposes. However, the trial court withheld an order on college expenses pending further argument from the parties.

Mother timely filed a motion to correct error on grounds that the case the trial court relied on in issuing its order emancipating H.R. had been vacated. The trial court granted Mother's motion to correct error concluding that H.R. was not emancipated, increased Father's child support from $45.00 per week to $92.00 per week,[1] and ordered Father to pay 51% and Mother to pay 49% of H.R.'s future college expenses not met by available financial assistance. Father filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

 At the outset, we note that Mother has failed to file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind.Ct.App.2002). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

---

1. It appears from the CCS that the trial court later reduced Father's child support to $21.16 per week. Appellant's App. p. 8.

■ Father contends that the trial court erred in concluding that H.R. was not emancipated.[2] In its orders, the trial court entered findings and conclusions sua sponte. When a court enters such findings, the specific findings control only as to the issues they cover, and a general judgment standard applies to any issue upon which the court has not entered findings. *Borders v. Noel,* 800 N.E.2d 586, 588 (Ind. Ct.App.2003). We may affirm a general judgment on any theory supported by the evidence. *Id.* The judgment will be reversed only if it is clearly erroneous. *Id.* In determining whether the findings or judgment are clearly erroneous, we consider only the evidence most favorable to the judgment. *Id.* In doing so, we neither reweigh evidence nor judge witness credibility. *Id.*

■ "What constitutes emancipation is a question of law, while whether an emancipation has occurred is a question of fact." *Dunson v. Dunson,* 769 N.E.2d 1120, 1123 (Ind.2002) (quotation omitted). Emancipation cannot be presumed; rather, the party seeking emancipation must establish it by competent evidence. *Id.* Indiana Code § 31–16–6–6 governs the termination of child support and emancipation of a child. The purpose of this statute "is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support." *Id.* at 1124. Specifically, Indiana Code § 31–16–6–6 provides:

(a) The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age un-

less any of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) has joined the United States armed services;

(2) has married; or

---

2. Father also argues on appeal that H.R. repudiated the parent-child relationship and therefore he is relieved from contributing to her college expenses under the authority of *McKay v. McKay,* 644 N.E.2d 164 (Ind.Ct.

App.1994). However, Father did not raise this issue at the trial court level; therefore, this argument is waived on appeal. *See Mitchell v. Stevenson,* 677 N.E.2d 551, 558 (Ind.Ct.App.1997), *trans. denied.*

(3) is not under the care or control of:

 (A) either parent; or

 (B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

According to this statute, there are four ways to establish emancipation, specifically subsections (a)(3), (b)(1), (b)(2), and (b)(3). A child may not qualify for emancipation under one of the subsections yet may meet the requirements for emancipation under another. *See Borders*, 800 N.E.2d at 591. Therefore, a trial court should consider all four subsections when making an emancipation determination.

On appeal, Father argues that H.R. is emancipated pursuant to both subsection (a)(3) and (b)(3). We address each of these subsections in turn.

### I. Subsection (a)(3): Enrolled in School and Capable of Supporting Self

Subsection (a)(3) provides that the duty to support a child ceases if three requirements are met: (1) the child is at least eighteen years old; (2) the child has not attended school for the prior four months and is not enrolled in school; and (3) the child is or is capable of supporting himself or herself. All three requirements must be met before emancipation is permissible. In this case, the trial court concluded that H.R. was not emancipated because although H.R. was at least eighteen years old, she was enrolled in Purdue and was neither self-supporting nor capable of supporting herself. Father claims that both of these findings are clearly erroneous because when he filed his petition for emancipation in November 2002, H.R., who was eighteen years old, had not yet been accepted to Purdue and was either self-supporting or capable of supporting herself by virtue of the fact that she was living with her boyfriend and working full-time.

Since all parties agree that H.R. was at least eighteen years old, we now sequentially turn to whether H.R. was enrolled in school and whether she was self-supporting or capable of supporting herself.

 In order to be emancipated a child must have "not attended a secondary or postsecondary school for *the prior four (4) months* and *is not enrolled* in a secondary or postsecondary school[.]" Ind.Code § 31–16–6–6(a)(3)(B) (emphases added). Father filed his petition for emancipation on November 4, 2002. Four months prior to the date is July 4, 2002. From July 4, 2002, to November 4, 2002, H.R. had not attended a secondary or postsecondary school. The question then becomes whether H.R. was enrolled in a postsecondary school as of November 4, 2002. The trial court found that she was. As explained below, we conclude that this finding is clearly erroneous.

At the hearing, H.R. testified on direct examination that she "had been enrolled since August [2002] for the January [2003] semester" at Purdue. Tr. of March Hearing p. 6. However, the record shows that H.R. signed the application to Purdue on September 23, 2002, and her high school guidance counselor signed the application on September 24, 2002. Respondent's Exhibit 2. Furthermore, on cross-examination, Father's attorney asked H.R. if she was enrolled in Purdue as of November 4, 2002, the date Father filed his petition for emancipation. H.R. responded as follows:

> As far as being enrolled and everything set out as … I'm not totally sure. I'm not going to say "yes" or "no". But I already know that the application process had already been begun and they had already told me that there was (sic) just a few more steps that I had to do to be accepted.

Tr. of March Hearing p. 16. As clarified by H.R. on cross-examination, as of November 4, 2002, H.R. still had to complete a few more steps before Purdue accepted her. Nevertheless, the trial court found that "it is uncontroverted that [H.R.] was *enrolled* in a postsecondary school in September, 2002 prior to her father's filing." Appellant's App. p. 11 (emphasis in original). In order to determine whether the trial court's finding is clearly erroneous, we turn to the definition of "enroll."

When the meaning of a statute is at issue, we follow several rules of statutory construction. *Ind. Office of Envtl. Adjudication v. Kunz,* 714 N.E.2d 1190, 1193 (Ind.Ct.App.1999). We do not interpret a statute that is facially clear and unambiguous; rather, we give the statute its plain and clear meaning. *Id.* Additionally, when construing a statute, the legislature's definition of a word binds us. *Id.* When the legislature has not defined a word, we give the word its common and ordinary meaning. *Id.* In order to determine the plain and ordinary meaning of words, courts may properly consult English language dictionaries. *Id.*

"Enroll" is not defined in Title 31 of the Indiana Code, which governs family law and juvenile law. However, Title 20 of the Indiana Code, which governs education, defines "enroll"—as used in Indiana Code ch. 20–12–71—as "the process enabling a student to become a bona fide member of the student body of the postsecondary institution and entitling the student to officially audit or receive academic credit for on-campus instruction in Indiana." Ind.Code § 20–12–71–6. Although this definition of "enroll" is not dispositive because it does not apply to Title 31, it nevertheless informs our decision. *See Stewart v. State,* 754 N.E.2d 492, 495 (Ind.2001) (looking to other inapplicable provisions of the Indiana Code to

help define "custodial parent"). Additionally, the dictionary defines "enroll" in pertinent part as "to register ... into an official record on execution." *Black's Law Dictionary* 551 (7th ed.1999). After viewing these definitions of "enroll," we conclude that "is enrolled" as used in Indiana Code § 31–16–6–6 means more than being involved in the application process; rather, it means that one has been accepted to the institution and is officially registered at the institution as a student.

Here, H.R. was still involved in the application process at the time Father filed his petition for emancipation. Therefore, H.R. was not enrolled in Purdue. The trial court's finding to the contrary is clearly erroneous. This does not end our inquiry however, for all three requirements of subsection (a)(3) must be fulfilled before emancipation is appropriate and thus we must address whether the trial court's finding that H.R. was neither self-supporting nor capable of supporting herself is clearly erroneous.

Before emancipation a child must be or be capable of "supporting himself or herself through employment." I.C. § 31–16–6–6(a)(3)(C). In the trial court's order granting Mother's motion to correct error, the court found that

> the issue of whether [H.R.] was or was capable of supporting herself is not nearly as clear as either party portrays it. At best, the evidence was equivocal as to that issue. It was father's burden of proof to establish that [H.R.] was or was capable of supporting herself. The court feels he fell short of his burden of proof.

Appellant's App. p. 11. In the trial court's order denying Father's motion to correct error, the court "remain[ed] of the opinion that the child was not self-supporting as she continued to rely upon the financial

assistance of her parents, was not required to pay rent or a mortgage thereby easing her financial obligations, and was working in order to afford college." Appellant's App. p. 14. Father argues that this finding is clearly erroneous because H.R. was eighteen years old, living with her boyfriend, and working full-time. Father says that this is especially true considering that "[n]owadays, in the twenty-first century, it is extremely common for people to live together but never marry." Appellant's Br. p. 15. Although under normal circumstances an eighteen-year-old child's act of moving out of a parental home and moving in with a boyfriend or girlfriend while having a full-time job may satisfy subsection (a)(3)(C), under the facts and circumstances presented here, that is not the case.

H.R. and her boyfriend moved into a rent-free house about fifteen miles south of Lafayette. H.R., who finished near the top of her high school class, took a semester off and worked full-time to save money to attend Purdue. During this time, H.R. still received financial assistance from her parents for groceries, clothing, and the like. Tr. of March Hearing p. 20. Considering the evidence most favorable to the judgment and not reweighing the evidence or assessing witness credibility, we cannot conclude that the trial court's finding that H.R. was neither self-supporting nor capable of supporting herself is clearly erroneous. Because Father has failed to prove that H.R. satisfied all three requirements under subsection (a)(3), H.R. is not emancipated under this subsection. We now address Father's argument that H.R. is emancipated pursuant to subsection (b)(3).

## II. Subsection (b)(3): Not Under the Care or Control of Either Parent

Subsection (a)(1) provides that the duty to support a child ceases when the child becomes twenty-one years old unless the child is emancipated before that point. I.C. § 31–16–6–6(a)(1). For purposes of determining whether a child has become emancipated under subsection (a)(1), subsection (b) provides that if the court finds that the child (1) has joined the United States armed services; (2) has married; or (3) is not under the care or control of either parent, then "the court shall find the child emancipated and terminate the child support." I.C. § 31–16–6–6(b). Father argues that H.R. was not under the care or control of either parent because she was eighteen years old, living with her boyfriend, and working full-time.

In order to prove that a child is not under the care or control of either parent, our supreme court has found that the child must (1) initiate the action putting himself or herself outside the parents' control and (2) in fact be self-supporting. *Dunson*, 769 N.E.2d 1120. Undisputedly, H.R. initiated the action putting herself outside her parents' control when she moved in with her boyfriend. But, in order for emancipation, H.R. also must be self-supporting. We observe that this self-supporting requirement is similar to (a)(3)'s requirement that the child "is or is capable of supporting himself or herself through employment." I.C. § 31–16–6–6(a)(3)(C). However, there is one notable difference. Subsection (b)(3) requires the child to be self-supporting, while subsection (a)(3) requires the child to be self-supporting *or* capable of supporting himself or herself. Thus, a party faces a higher burden under subsection (a)(3). In this case, that difference does not matter because the trial court found that H.R. was neither self-supporting nor capable of supporting herself under subsection (a)(3), and we concluded that that finding is not clearly erroneous. For those same reasons, we likewise conclude that H.R. was not in fact self-supporting under subsec-

tion (b)(3). As a result, Father has failed to meet his burden of proving that H.R. was emancipated under subsection (b)(3).

Judgment affirmed.

SHARPNACK, J., and MATHIAS, J., concur.