Jamie WICKER, Appellant–
Plaintiff/Intervening
Defendant,

v.

Rodney McINTOSH; Rebecca Goebel;
Ronnie "Bud" McIntosh; Indiana
Home Center, Inc.; Affordable
Homes, Inc.; and State Farm Mutual
Automobile Insurance Company, Ap-
pellees–Defendants,

and

United Farm Family Mutual Insurance
Company, Appellee–Defendant/In-
tervening Plaintiff.

No. 72A05–0912–CV–743.

Court of Appeals of Indiana.

Nov. 18, 2010.

Kevin B. Sciantarelli, Bubalo, Hiestand & Rotman, Louisville, KY, Attorney for Appellant.

## OPINION

KIRSCH, Judge.

Jamie Wicker ("Wicker"), the plaintiff in an underlying negligence action and, here, the intervening defendant, appeals from the trial court's order in favor of United Farm Family Mutual Insurance Company ("Farm Bureau"), the intervening plaintiff, on its complaint for declaratory judgment. Wicker appeals, raising the following restated issue: Whether the trial court erred by granting summary judgment in favor of Farm Bureau on its complaint for declaratory judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 13, 2003, Wicker was a passenger in a golf cart owned and operated by Rodney McIntosh ("Rodney") when it was involved in an accident, which Wicker claimed caused him injury. At the time, Rodney lived at home with his father, Ronald McIntosh ("Ronald"), and was an insured under Ronald's homeowner's insurance policy with Farm Bureau. It is uncontroverted that the accident did not occur on Ronald's property. Wicker filed a complaint against State Farm Mutual Automobile Insurance Company, his own insurer, and against Rodney, alleging negligence.[1] On May 19, 2006, Ronald's insurer, Farm Bureau, intervened in the action filing a complaint for declaratory judgment. Farm Bureau argued that the homeowner's insurance policy it issued to Ronald did not provide coverage for the operation of the golf cart while off his property.

Farm Bureau filed a motion for summary judgment, Wicker filed a countermotion for summary judgment, and the trial court held a hearing on those motions on June 8, 2009. The trial court entered an order granting Farm Bureau's motion

---

1. Although there were many named defendants in the original negligence action, we refer only to the McIntoshes, State Farm, and Farm Bureau, for purposes of our discussion of this appeal from the entry of summary judgment on Farm Bureau's declaratory judgment complaint.

for summary judgment and denying Wicker's counter-motion for summary judgment. Wicker filed a motion to certify this matter for appeal, and the trial court scheduled a hearing on that motion. The trial court certified the action for interlocutory appeal, and this court accepted jurisdiction. Wicker now appeals.

## DISCUSSION AND DECISION

We note as an initial matter that none of the other parties to this appeal have filed an appellee's brief. In that case, we need not undertake the burden of developing arguments for the appellees. *Butrum v. Roman*, 803 N.E.2d 1139, 1142 (Ind.Ct. App.2004). We may reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

 Also, we observe the posture of the parties to this appeal. Wicker was the plaintiff in the underlying negligence action and is appealing from summary judgment entered in favor of Farm Bureau, Ronald's insurer, on Farm Bureau's declaratory judgment action. Wicker argues that in the event he is successful at trial on his negligence claim against Rodney, there is coverage under Farm Bureau's policy issued to Ronald, and that the trial court erred by concluding there was no coverage. The posture of the parties here is unusual in that Indiana follows the direct action rule, which prohibits a third party from pursuing a claim based on the actions of an insured directly against the insurer. *See, City of South Bend v. Century Indem. Co.*, 821 N.E.2d 5, 9–10 (Ind.Ct.App.2005). However, the direct action rule is subject to a limited exception that is pertinent to this appeal. In *Community Action of Greater Indianapolis, Inc. v. Indiana Farmers Mutual Insurance Co.*, 708 N.E.2d 882 (Ind.Ct.App.1999), we announced that "where the plaintiff is not suing the insurance company to establish that its insured committed a tort against the plaintiff, but rather is suing to establish whether the insurer can deny coverage or whether the insurance policy remained in effect, such suit is not a direct action against an insurer." *Id.* at 886. To the extent Wicker, the intervening defendant to Farm Bureau's declaratory judgment complaint, is appealing from the trial court's entry of summary judgment in favor of Ronald's insurer, Farm Bureau, on the issue of coverage, this is not akin to a direct action against the insured. Therefore, Wicker has standing to bring an appeal from the trial court's decision.

Farm Bureau's policy with Ronald provided in pertinent part as follows:

Coverage E–Personal Liability and Coverage F–Medical Payments to Others do not apply to "bodily injury" or "property damage":

\* \* \*

(f) Arising out of:

(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured":

(2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or

(3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) and (2) above.

This exclusion does not apply to:

\* \* \*

(2) A motorized land conveyance designated for recreational use off public

roads, not subject to motor vehicle registration and:

> \* \* \*

> (b) Owned by an "insured" and on an "insured location[.]"

*Appellant's App.* at 48.

Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *I/N Tek v. Hitachi Ltd.*, 734 N.E.2d 584, 586 (Ind. Ct.App.2000). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Gilman v. Hohman*, 725 N.E.2d 425, 428 (Ind.Ct.App.2000). Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party that lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *City of Indianapolis v. Byrns*, 745 N.E.2d 312, 316 (Ind.Ct.App.2001). On appeal, we are bound by the same standard as the trial court, and we consider only those matters that were designated at the summary judgment stage. *Interstate Cold Storage v. Gen. Motors Corp.*, 720 N.E.2d 727, 730 (Ind.Ct.App.1999). We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Estate of Hofgesang v. Hansford*, 714 N.E.2d 1213, 1216 (Ind.Ct.App.1999). A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Bernstein v. Glavin*, 725 N.E.2d 455, 458 (Ind.Ct.App. 2000).

The interpretation of an insurance policy presents a question of law that is appropriate for summary judgment. *Hartford Cas. Ins. v. Evansville Vanderburgh Pub. Library*, 860 N.E.2d 636, 640 (Ind.Ct.App.2007). If the language in the policy is unambiguous then it should be given its plain and ordinary meaning. *Id.* But, if the language is ambiguous, the policy should be strictly construed against the insurer. *Id.* Finally, the terms of a contract are not ambiguous merely because controversy exists between the parties concerning the proper interpretation of terms. *Niccum v. Niccum*, 734 N.E.2d 637, 639 (Ind.Ct.App.2000).

In the present case, the trial court made the following findings with respect to the issue of coverage:

6. The policies of insurance contain an exclusion concerning damages for bodily injury or property damage arising from the ownership or use of motor vehicles or all other motorized land conveyances owned or operated by an insured.

7. This exclusion does not apply if the motor vehicle is a golf cart used to play on a golf course. This is not the present situation before the Court.

8. The exclusion also does not apply if the motorized land conveyance is designed for recreational use off public roads, not subject to motor vehicle registration and either not owned by an insured or it is owned by an insured and at an insured location. In this case the golf cart is owned by an insured (Rodney McIntosh) but is not found within the insured location.

9. On this last point, the Court finds that "insured location" applies to the location where an act or incident occurred which leads to the claim for damages and not just the mere fact of where the motor vehicle, in this case the golf cart, may be kept. Reviewing the contractual definition of "insured location" and finding that definition is limited to the premises of the insured or some logical relationship to that premises, the Court will not expand the liability coverage afforded under the policy of insurance to any remote location where property kept at an insured location may be found.

*Appellant's App.* at 10–11.

Wicker argues that the trial court erred when it concluded that there was no coverage because the policy only required that the golf cart be kept at the insured location, and not that the accident or occurrence be at the insured location. The insurance policy defines "insured location" as the residential premises of the insured or a place having some other logical relationship to the residential premises, such as other structures or grounds used by the insured as a residence. *Id.* at 41. Further, the exclusion applies, as is relevant here, to bodily injury arising from the "use" of the golf cart. *See id.* at 48. We conclude that the trial court correctly entered summary judgment in favor of Farm Bureau as the unambiguous language of the insurance policy excludes coverage.

The exception to the exclusion relied upon by Wicker does not apply as it is uncontroverted that the accident leading to the claim of damages occurred at a location other than on an insured location.

Affirmed.

RILEY, J., and BAILEY, J., concur.