Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2013, 5:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES L. HUBBELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1303-CR-145 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Olga H. Stickel, Judge
Cause No. 20D04-1207-FD-885

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Charles Hubbell appeals his conviction of Class D felony failure to register as a sex offender.[1] He argues the trial court committed fundamental error because it did not determine, as a matter of law, whether Hubbell was required to register as a sex offender in Michigan. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2002, Hubbell was found guilty in Michigan of third degree criminal sexual conduct. When Hubbell moved to Indiana in 2011, he registered as a sex offender. Then, in 2012, Hubbell's ex-girlfriend notified police that Hubbell did not live at her address, which was the address he had provided on the sex offender registry.

The State charged Hubbell with Class D felony failure to register as a sex offender, alleging he knowingly made a material misstatement on his registration. At trial, Hubbell stipulated he was required to register as a sex offender in Indiana because of his prior conviction in Michigan. *See* Ind. Code § 11-8-8-19(f) (a person required to register as a sex offender in any other jurisdiction is required to register here). The stipulation was presented to the jury throughout trial and was included in the final instructions:

> The State and the Defendant agree there is no genuine dispute that Hubbell . . . was a "sex offender" as defined in Indiana Code 11-8-8-5. And the State and the Defendant agree there is no genuine dispute that the Defendant . . . during all relevant time periods . . . had a duty to register with law enforcement as a sex offender, under Indiana Code 11-8-8-17, due to a delinquency adjudication . . . for Criminal Sexual Conduct-3rd Degree, Kalamazoo County Circuit Court, Kalamazoo, Michigan.

(Tr. at 110-111). Hubbell's sole defense was that he fulfilled his duty to register because he

---

[1] Ind. Code § 11-8-8-17(a)(3).

was, in fact, living at the address provided on the registration form. The jury found Hubbell guilty as charged, and the court sentenced him to twenty-four months, with eighteen months suspended to probation.

## DISCUSSION AND DECISION

Hubbell asserts the court should have determined before sending his case to the jury for deliberation, as a matter of law, whether Hubbell had a duty to register as a sex offender in Michigan. To preserve a claim of error on appeal, Hubbell was required to object to the alleged error at trial. *See Tipmont Rural Elec. Membership Corp. v. Fischer*, 697 N.E.2d 83, 91 (Ind. Ct. App. 1998). Because he did not object at trial, Hubbell argues the error was fundamental. The fundamental error doctrine allows review of error not properly preserved for appeal if the error amounts to a "blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Matthews v. State*, 849 N.E.2d 578, 587 (Ind. 2006).

The trial court was not obliged to determine, as a matter of law, Hubbell was required to register as a sex offender in Michigan because Hubbell stipulated to that fact. A stipulation is binding on both the parties and the trial court, and establishes a particular matter as a fact. *Clark v. State*, 562 N.E.2d 11, 17 (Ind. 1990). A party's stipulation conceding the truthfulness of an alleged fact is an admission such that the other party need not offer any evidence to prove the fact. *Smith v. Marion Cnty. Dep't of Pub. Welfare*, 635 N.E.2d 1144, 1150 (Ind. Ct. App. 1994). Once a stipulation is entered into between the parties, the facts so stipulated are conclusive upon the parties and the tribunal and cannot be

challenged on appeal. *Wittwer v. Wittwer*, 545 N.E.2d 27, 29 (Ind. Ct. App. 1989). Based on Hubbell's stipulation, there was no determination for the trial court to make. Therefore, no error could have occurred. *See Cox v. Cox*, 580 N.E.2d 344 (Ind. Ct. App. 1991) (no error occurs when a finding of fact is consistent with a party's stipulation). Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.